IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS; LEAGUE OF WOMEN VOTERS OF VIRGINIA; LEAGUE OF WOMEN VOTERS OF VIRGINIA EDUCATION FUND, AFRICAN COMMUNITIES TOGETHER, <br><br> *Plaintiffs*, <br><br> v. <br><br> SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections; ROSALYN R. DANCE, in her official capacity as Vice-Chairman of the State Board of Elections; GEORGIA ALVIS-LONG, in her official capacity as Secretary of the State Board of Elections; DONALD W. MERRICKS and MATTHEW WEINSTEIN, in their official capacities as members of the State Board of Elections; and JASON MIYARES, in his official capacity as Virginia Attorney General, <br><br> *Defendants*. | Case No. 1:24-cv-1778 |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO TRANSFER DIVISION PURSUANT TO LOCAL CIVIL RULE 3(C) AND 28 U.S.C. § 1404(a)**

Defendant Susan Beals, in her official capacity as Virginia Commissioner of Elections, by counsel, submits this brief in support of her Motion to Transfer Division pursuant to Eastern District of Virginia Local Rule 3(C) and 28 U.S.C. § 1404(a). The other named, but unserved, defendants in this matter are: John O'Bannon, in his official capacity as Chairman of the State

1

Board of Elections; Rosalyn R. Dance, in her official capacity as Vice-Chairman of the State Board of Elections; Georgia Alvis-Long, in her official capacity as Secretary of the State Board of Elections; Donald W. Merricks and Matthew Weinstein, in their official capacities as members of the State Board of Elections; and Jason Miyares, in his official capacity as Virginia Attorney General.  As of the filing of this Motion, Plaintiffs have not served these other Defendants in this matter.[1]

## **INTRODUCTION**

The Alexandria Division is not the Plaintiffs' home forum, and Richmond—as the state capital—has a far greater connection to this suit.  Plaintiffs' claims under the National Voter Registration Act ("NVRA") have been filed against Virginia's election officials and Attorney General, who are all located in Richmond.  The known key witnesses at this stage of the case, party and nonparty, are in Richmond.  None of Plaintiffs' allegations concern acts or omissions of a defendant that occurred in Alexandria, and to the extent Plaintiffs' allegations concern activities that were not statewide, they allegedly occurred in Richmond.

Because the convenience factors under 28 U.S.C. § 1404(a) weigh heavily in favor of transferring this case from Alexandria to Richmond, this Court should grant Defendant's Motion.

## **ARGUMENT**

Under this District's Local Civil Rules, "[c]ivil actions for which venue is proper in this district *shall be brought in the proper division*, as well.  The venue rules stated in 28 U.S.C. § 1391 *et seq.* also *shall apply to determine the proper division* in which an action shall be filed."  E.D.

---

[1] On October 13, Plaintiffs filed returns of service for Defendants Merricks, Weinstein, Dance, O'Bannon, and Alvis-Long purporting to reflect service on those individuals on October 10. ECF Nos. 17–21.  These returns are incorrect.  As the docket reflects, on October 13, the Court had not issued a summons directed to any of these defendants.  Rather, as of that date, the Court had only issued a summons specifically directed to Commissioner Beals.  ECF No. 6.

2

Va. Loc. Civ. Rule 3(C) (emphasis added). "For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" *Id.*

"District Courts have the power to transfer a civil action 'to any other district or division where it might have been brought' if the transferee [division] is more convenient for parties and witnesses." *Hunter v. Dep't of the Army*, No. 3:17-cv-257, 2017 U.S. Dist. LEXIS 227022, at *3 (E.D. Va. Nov. 2, 2017) (quoting 28 U.S.C. § 1404(a)). Courts in this district apply the same four-factor test that they apply in assessing motions to transfer venue to a different judicial district when assessing division transfer motions. See *id.* Under 28 U.S.C. § 1404(a), "[d]istrict courts consider: '(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and, (4) the interest of justice.'" *Id.* (quoting *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs. Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)).

In this case, Plaintiffs sued Virginia's election officials and its Attorney General, all government officials, in their official capacities, alleging that they violated the NVRA in connection with their official duties undertaken pursuant to the laws of this Commonwealth. Because Plaintiffs' choice of forum, Alexandria, bears no special relationship to Plaintiffs' claims—but the Richmond Division does—and all other factors weigh heavily in favor of a transfer, this Court should grant Defendant's Motion and transfer the case to the Richmond Division.

**A.    Plaintiffs' choice of venue in the Alexandria Division deserves no deference because it has no specific connection to this action.**

"The first factor to be considered is the level of deference that should be given to the Plaintiff's choice of this forum in which to adjudicate its claims." *Mullins v. Equifax Info. Servs., LLC*, No. 3:05-CV-888, 2006 U.S. Dist. LEXIS 24650, at *17 (E.D. Va. Apr. 28, 2006). "When

3

the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." *Id.* (citing *Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002)).

Based on the facts alleged in Plaintiffs' First Amended Complaint, Plaintiffs' claims have no particular connection to the Alexandria Division. To the contrary, Plaintiffs' claims relate to a noncitizen registrant investigation process that occurs across the Commonwealth to confirm whether an individual is eligible to vote. And to the extent that Plaintiffs' claims relate to allegations concerning specific acts or omissions by the defendants rather than to activities occurring statewide, those alleged decisions, actions, or omissions were official and governmental in nature and made in the state capital—Richmond. Indeed, much of the Complaint focuses on the actions of the Governor in Richmond and other state agencies—such as the Department of Motor Vehicles—that are also in Richmond. See, *e.g.*, First Am. Compl. ¶¶ 3, 4, 6, 9, 38–39.

Moreover, Alexandria is not the Plaintiffs' home forum. While the Plaintiffs did not include any allegations regarding their residence in the First Amended Complaint, Plaintiff the League of Women Voters of Virginia ("LWVVA") is headquartered in Richmond with its principal office in Richmond,[2] its listed address in Richmond, and a phone number with a Richmond "804" area code.[3] Plaintiff the League of Women Voters of Virginia Education Fund shares the same principal office in Richmond.[4] Plaintiff the Virginia Coalition for Immigrant Rights ("VCIR") is a "multi-racial and multi-ethnic coalition of member organizations that exists . . . for all immigrant and

---

[2] State Corporation Commission, Clerk's Information System, League of Women Voters of Virginia, https://tinyurl.com/3dcm9y7f (Principal Office Address: 1011 E Main St. Ste. 214A, Richmond, VA).
[3] League of Women Voters of Virginia, "Contact Us," https://tinyurl.com/bdz3mn87.
[4] State Corporation Commission, Clerk's Information System, League of Women Voters of Virginia Education Fund, Inc., https://tinyurl.com/2c7ztdu4.

refugee communities" across Virginia and includes some 49 standing member organizations. First Am. Compl. ¶¶ 19–20 & n.2.  And Plaintiff African Communities Together is headquartered in New York, New York.[5]  Thus, Richmond appears to be more of a home forum for Plaintiffs than Alexandria.

Because the "nucleus of operative fact" for this case has a much closer relationship with Richmond than any other location in the Commonwealth, and certainly than Alexandria, and Alexandria is not Plaintiffs' home forum, Plaintiffs' choice of forum is not entitled to any weight. *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *18–19.

**B.     Witness convenience and access favors the Richmond Division.**

The next factor courts examine is witness convenience and access.  *Hunter*, 2017 U.S. Dist. LEXIS 227022, at *4–5.  Courts look to the convenience of both party and nonparty witnesses. While the convenience of nonparty witnesses is typically afforded greater weight in a decision on a motion to transfer venue, see *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *23, "greater weight should [also] be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue." *Id.* (internal quotation marks omitted) (quoting *Koh v. Microtek, Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003)).

Given that this action was filed only days ago with an Amended Complaint filed yesterday, see ECF No. 23, Defendant has had little time to evaluate the potential witnesses, including nonparties, on which Defendant may rely.  Plaintiffs, however, filed a Motion for Expedited Discovery, ECF No. 4, in which they seek a Rule 30(b)(6) deposition of the Virginia Department of Elections ("ELECT"), a nonparty to this action, and the Office of the Attorney General ("OAG"), also a nonparty.  They also seek a deposition of the first named Defendant, Virginia

---

[5] African Communities Together, "Contact Us," https://tinyurl.com/mwumvzbb.

Commissioner of Elections Susan Beals.  See ECF No. 4 at 4.  As state agencies, the primary offices of ELECT and the OAG are in Richmond, as are the overwhelming majority of their staff. Commissioner Beals's office is in Richmond as well.  Outside of ELECT and the Office of the Attorney General, Plaintiffs also reference the Virginia Department of Motor Vehicles no fewer than 42 times in their First Amended Complaint.  ECF No. 23.  The DMV headquarters is in Richmond as well.  Defendant opposes Plaintiffs' discovery motion, but it demonstrates that, even in Plaintiffs' view of the case, the key potential witnesses are Virginia government officials who undertake their duties in Richmond.  This factor strongly favors transfer to the Richmond Division.

**C.    Party convenience and access strongly favors the Richmond Division.**

"The starting point for this determination is the residence of the Parties."  *Kattan v. Va. Dep't of Env't Quality*, No. 2:21-cv-279, 2021 U.S. Dist. LEXIS 271623, at *9 (E.D. Va. Dec. 22, 2021) (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007)).

As noted above, to Defendant's knowledge, none of the Plaintiff organizations that have filed suit are headquartered in the Alexandria Division, and two, the LWVVA and LWVVA Education Fund, are based in Richmond.

By contrast, Virginia's election officials and Attorney General conduct their business from the state capital, Richmond.  As Plaintiffs are aware, Commissioner Beals and the members of the State Board of Elections are in the midst of the most critical time for the carrying out of their duties.  In the days leading up to Election Day with voting already underway, the individuals Plaintiffs have sued are extraordinarily busy ensuring that Virginia's election is safe, secure, and fair.  The continued litigation of this action in Alexandria, rather than their place of business in Richmond, would cause the Defendants, including Commissioner Beals, significant inconvenience.  The party convenience factor weighs heavily in favor of transfer to Richmond.

6

### D.     The interests of justice favor transfer to Richmond.

The final factor courts consider in the Section 1404(a) analysis is the interests of justice, which "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Mullins*, 2006 U.S. Dist. LEXIS 24650, at *26 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).  "When determining whether a fair proceeding requires a transfer of venue, courts often consider docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (citation omitted).  Courts have also looked to the balance of the first three factors when determining whether the interests of justice favor transfer. *E.g., Hunter*, 2017 U.S. Dist. LEXIS 227022, at *6.

The interests of justice likewise militate in favor of transfer. As a practical matter, "docket congestion" favors transfer from Alexandria to Richmond given the distribution of cases in the Eastern District. Moreover, the Richmond Division is well suited to address the issues raised in this matter quickly because, as the seat of the Commonwealth's government, the division frequently sees similar suits involving state officer defendants.

While this is not a local controversy, the allegations of the First Amended Complaint challenge the activities and decisions of Virginia's election officials and Attorney General. Both the citizens of the Commonwealth and Virginia's election and government officials have a significant interest in having this dispute adjudicated in Richmond, the seat of Virginia's government and the primary location where its officials conduct their day-to-day business.

As the Court is aware, the United States has filed a similar suit alleging violations of the NVRA in the Alexandria Division.  *See* Complaint, *United States v. Virginia, et al.*, No. 1:24-cv-

7

1807 (E.D. Va. Oct. 11, 2024). Commissioner Beals is also named as a Defendant in that matter and will similarly move to transfer division in that case.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grant the Motion and transfer this action to the Richmond Division.

**Respectfully Submitted,**

**SUSAN BEALS**, in her official capacity as Virginia Commissioner of Elections

By: _____/s/ Thomas J. Sanford_____

| | |
|---|---|
| Jason S. Miyares<br>*Attorney General of Virginia* | Thomas J. Sanford (VSB No. 95965)*<br>*Deputy Attorney General* |
| Steven G. Popps<br>*Chief Deputy Attorney General* | Stanley W. Hammer (VSB No. 82181)*<br>*Assistant Attorney General* |

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
TSanford@oag.state.va.us
SHammer@oag.state.va.us

*Counsel of Record for
Commissioner Susan Beals*

8

## **CERTIFICATE**

I hereby certify that on October 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ Thomas J. Sanford*
Counsel for Commissioner Beals
