**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS; LEAGUE OF WOMEN VOTERS OF VIRGINIA; LEAGUE OF WOMEN VOTERS OF VIRGINIA EDUCATION FUND; AFRICAN COMMUNITIES TOGETHER,<br><br>   *Plaintiffs*,<br><br>    v.<br><br>SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections; ROSALYN R. DANCE, in her official capacity as Vice-Chairman of the State Board of Elections; GEORGIA ALVIS-LONG, in her official capacity as Secretary of the State Board of Elections; DONALD W. MERRICKS and MATTHEW WEINSTEIN, in their official capacities as members of the State Board of Elections; and JASON MIYARES, in his official capacity as Virginia Attorney General,<br><br>   *Defendants*. | Case No. 1:24-cv-01778 (Lead)<br>Case No. 1:24-cv-01807<br>Judge Patricia Tolliver Giles<br>Magistrate Judge William B. Porter |

## REPLY IN SUPPORT OF PLAINTIFFS'
## EMERGENCY MOTION FOR EXPEDITED DISCOVERY

  Plaintiffs seek limited discovery, narrowly targeted to the specific factual allegations in the Amended Complaint. While Plaintiffs are likely to succeed on the merits of their motion for preliminary injunction even if they do not receive expedited discovery, the information sought will

help the Court, among other things, analyze the number of voters removed from the rolls by the Purge Program, further examine the recent harm caused by the Purge Program throughout the state, and guide the relief necessary if a preliminary injunction is granted. The information sought will also allow Plaintiffs to better respond to any factual issue Defendants raise in their Response to Plaintiffs' Motion for Preliminary Injunction, which is currently due at 3:00 p.m. on Tuesday, October 22, 2024, less than 48 hours before the hearing on Plaintiffs' preliminary injunction motion.

While Defendants maintain that somehow Plaintiffs are responsible for creating urgency, it is E.O. 35 and Defendants' refusal to provide documents that has led to this motion. Moreover, such discovery requests are routine in litigation where preliminary injunctions are sought. Denying such motions due to an intention to move to dismiss sometime in the future creates perverse litigation incentives and outcomes. Because Plaintiffs' discovery requests are reasonable, narrowly tailored and such requests are routinely granted in similar cases, the Court should grant Plaintiffs' motion.

## ARGUMENT

**I.   Plaintiffs' Request For Expedited Discovery Is Reasonable and Supported By Good Cause**

**A.   Plaintiffs sought information from Defendants shortly after E.O. 35 was issued, and the pending motion for preliminary injunction weighs strongly in favor of expedited discovery.**

Defendants argue no good cause exists for expedited discovery because the need for it "was caused by Plaintiffs' own delay in bringing suit." ECF No. 67 at 6. Plaintiffs did not delay, but rather acted urgently in response to Defendants' efforts to institute an accelerated last minute Purge Program. After the announcement of E.O. 35 on August 7, 2024, the very day the quiet period commenced under the National Voter Registration Act (NVRA), and after the scope of previous

purges were revealed, Plaintiffs immediately began making good faith efforts to understand the Program, and initially requested information from Defendants on August 13th and 20th. Ex. 1; ECF No. 26-14.

Plaintiffs filed suit after it became clear that Defendant Beals would stonewall Plaintiffs' requests and would continue to refuse to provide information about the Purge Program despite the August letters and an additional NVRA request sent in early October,[1] and after diligent pre-suit investigation revealed that U.S. citizens were being removed from the voter rolls. Further, Plaintiffs filed their complaint the first day that was permissible under the NVRA's 30-day pre-election period, following the October letter. ECF No. 1; 52 U.S.C. § 20510(b)(3). Plaintiffs filed the emergency motion for expedited discovery the very next day after the complaint, and only eight days later, they amended their complaint and moved for a preliminary injunction.[2] ECF Nos. 4, 23, 26.

Defendants cannot now plausibly claim to be unprepared to provide discovery after repeated requests for the public records at issue. Governor Youngkin issued E.O. 35 the day the 90-day NVRA quiet period began, clearly contrary to Virginia's legal obligations. States that have attempted similar maneuvers have quickly been enjoined from continuing similar purge programs, including Alabama, which was enjoined from operating a similar purge just days ago. *See, e.g.*,

---

[1] In response to Plaintiffs' requests, Defendant Beals said she would provide the requested information only after the November election. ECF No. 2-8.

[2] Plaintiffs were unable to confer with Defendants' counsel under Local Rule 37(E) prior to filing the motion for expedited discovery because of the necessity to file the motion immediately and because at the time of filing, no defense counsel had entered an appearance in this matter. Plaintiffs e-mailed a courtesy copy of the complaint to the Office of the Attorney General on the day that the complaint was filed, but received no response. After filing the motion, Plaintiffs conferred by telephone and email with Defendants in attempt to resolve the motion for expedited discovery, but ultimately received no response to their final proposal. *See* Ex. 2.

*Alabama Coal. for Immigrant Just. v. Allen*, No. 2:24-CV-1254-AMM, 2024 WL 4510476 (N.D. Ala. Oct. 16, 2024); *see also Arcia v. Fla. Sec'y of State*, 772 F.3d 1335 (11th Cir. 2014); *N.C. State Conf. of NAACP v. Bipartisan Bd. of Elections & Ethics Enf't*, No. 1:16CV1274, 2018 WL 3748172, at *7 (M.D.N.C. Aug. 7, 2018). And as noted, Plaintiffs began requesting documents from Defendant Beals, with notice sent to Defendant Miyares, in August. Moreover, the pending discovery motion was filed almost two weeks ago, and Plaintiffs and Defendants have met and conferred about the feasibility of certain productions, with Defendants continuing to refuse to produce any requested documents.

Plaintiffs have compelling reasons for expedited discovery, given the short time period remaining before Election Day, and would suffer irreparable harm if forced to wait for discovery until after the election. The harm is happening right now, and discovery would contain information vital to the preliminary injunction, including the extent of harm caused by Defendants. The loss of the right to vote in this election can never be recovered.

Defendants seek to hold Plaintiffs to a higher preliminary injunction standard than necessary in such circumstances: it is commonplace for plaintiffs to seek expedited discovery by providing a general explanation that a preliminary injunction motion is pending. *See CIENA Corp. v. Jarrard*, 203 F.3d 312, 315 (4th Cir. 2000) (remanding to give the defendant an opportunity to conduct expedited discovery in advance of district court's reconsideration of preliminary injunction motion).

That principle is especially true in emergency election litigation. For example, just over two weeks ago, in a case almost identical to this one, the court granted the plaintiffs' motion for expedited discovery and allowed the State of Alabama three days to provide the information sought. Order at 11, *Alabama Coal. for Immigrant Justice*, No. 24-CV-01254 (N.D. Ala. Oct. 1,

2024), ECF No. 47. This Court should follow suit, find Plaintiffs' request for expedited discovery warranted by the circumstances, and order Defendants to respond promptly with the most vital portions of the information requested.

**B.      Defendants' intended motion to dismiss only underscores the importance of granting limited discovery into the Purge Program.**

Defendants argue that because they plan to move to dismiss Plaintiffs' Amended Complaint on various grounds, the Court should not grant any discovery at this juncture. ECF No. 67 at 8-9. This principle is not applicable when a preliminary injunction motion is already before the Court. Even when no such motion is pending, "[t]he mere filing of a dismissal motion, without more, does not" support staying discovery, and "a court must determine whether the party seeking the stay has established the existence of 'good cause' for the requested delay." *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006) (quoting Fed. R. Civ. P. 26(c)). When a preliminary injunction motion *is* pending, that fact is the very first consideration courts weigh. *See SA&H Ala. Holding, LLC v. Shoemaker*, No. 5:23-cv-01519, 2023 WL 9105651, at *1 (N.D. Ala. Nov. 28, 2023) ("[E]xpedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction." (quoting *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021))). Adopting Defendants' position would create an incentive to file motions to dismiss even when they are not appropriate solely for purposes of delaying discovery.[3]

Accordingly, Plaintiffs' request for expedited discovery is reasonable and supported by good cause.

---

[3] Defendants' implication that only a risk of document or data destruction justifies such discovery, ECF No. 67 at 15, is irrelevant here because the purpose of Plaintiffs' request is not to ensure document preservation, but rather, to assist the Court in evaluating their motion for a preliminary injunction.

## II.     Plaintiffs' Narrowly Tailored Discovery Requests Are Reasonable.

Plaintiffs' discovery is narrowly tailored because it is directed solely to information relating to the Purge Program and the Purge List. *See* ECF No. 4 at 2-4. And because only days remain before Plaintiffs' preliminary injunction motion will be heard, Plaintiffs are willing to further narrow the discovery request to documents and a short deposition that will reveal which voters have been purged in the 90-day window and how the Purge Program is currently operating.

Likewise, the time period for necessary documents is narrow, as it is limited to E.O. 35's effect on Virginia's voter roll maintenance. And the information is uniquely within Defendants' possession, much of it likely prepared in a format easy to produce. Accordingly, Defendants' contention that Plaintiffs seek "extraordinarily broad and wide-ranging" discovery, ECF No. 67 at 10, is inaccurate, as the case law they rely on demonstrates. *See Clean Juice Franchising, LLC v. Charleston Juicing, LLC*, No. 3:23-CV-00894-RJC-SCR, 2024 WL 1363927, at *2-3 (W.D.N.C. Mar. 29, 2024) (denying expedited discovery relating to motion for preliminary injunction where in addition to Rule 30(b)(6) deposition, party propounded interrogatories with at least 25 subparts and sought production of "all documents and communications" relied upon in answering them); *Avaya Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (denying motion for expedited discovery where plaintiff had not yet moved for a preliminary injunction and sought "essentially all discovery which may be allowed during ordinary discovery on the merits of the plaintiff's claims" that "is particularly invasive").

Likewise, in *Socal Dab Tools, LLC v. Venture Technologies, LLC*, the topics included "'[a]ll communications,' . . . without limitation as to time period and with minimal limitations as to subject matter," along with five requests for "'[a]ll documents,' or all documents of a particular category, without limitation as to time period and with minimal limitations as to subject matter." No. 2:22-CV-128-MHT-SMD, 2022 WL 19977793, at *2 (M.D. Ala. Apr. 25, 2022). And in

*Chryso v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *4, 6 (E.D.N.C. June 30, 2015), the court had not set a hearing on the motion for a preliminary injunction and the discovery included "60 interrogatories and 61 requests for production of documents" that went "well beyond that which is relevant to the court's resolution of the preliminary injunction question."

Plaintiffs here, by contrast, have proposed topics limited in time to the existence of the Purge Program, and limited in subject matter to specific features of that Program, such as the number of individuals purged due to E.O. 35 and the basis of their removal, most relevant to the pending preliminary injunction motion. ECF No. 4 at 2-4. For example, Plaintiffs did not seek any information about Defendants' communications concerning citizenship-related issues outside of the Program or broad sets of voter roll data. *See id.* Those narrow requests are all the more reasonable given that information about the Program is uniquely within Defendants' possession and readily available.

Defendants contend that depositions of high-ranking governmental officials are disfavored. ECF No. 67 at 11-12. But Plaintiffs do not seek to depose the witnesses in their personal capacities; rather, they seek to take Rule 30(b)(6) depositions of Defendants. Such depositions are not uncommon in pre-election law cases; the topics for the depositions are narrowly targeted; and they are limited to only three hours. *See supra* at 4.[4]

---

[4] Further, Defendants' reliance on *Purcell v. Gonzalez*, 549 U.S. 1 (2006), is misplaced here, where it is Defendants' actions—the Purge Program—that are changing voters' status just days or weeks before an election, creating the confusion that *Purcell* is intended to mitigate. Moreover, *Purcell*'s general principle cannot override enforcement of a provision of federal law (the NVRA), that expressly provides for a cause of action to stop a state from violating its 90-Day Provision.

Accordingly, Plaintiffs' discovery requests are reasonable and not unduly burdensome and the Court should allow expedited discovery.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, the Court should grant Plaintiffs' motion in its entirety and grant such other and further relief as is warranted and just.

Date: October 20, 2024

Respectfully submitted,

/s/ Shanna Ports
Shanna Ports (VSB No. 86094)

Ezra D. Rosenberg**
Ryan Snow**
Javon Davis**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, DC 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
rsnow@lawyerscommittee.org
jdavis@lawyerscommittee.org

Danielle Lang**
Kevin Hancock**
Brent Ferguson**
Simone Leeper*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sports@campaignlegalcenter.org
dlang@campaignlegalcenter.org
khancock@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sleeper@campaignlegalcenter.org

Orion Danjuma*
John Paredes*
THE PROTECT DEMOCRACY PROJECT, INC.
82 Nassau Street, # 601
New York, NY 10038
Telephone: (202) 579-4582
orion.danjuma@protectdemocracy.org
john.paredes@protectdemocracy.org

John Powers**
Hani Mirza**
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850 Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org

Benjamin L. Berwick*
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Anna Dorman*
THE PROTECT DEMOCRACY PROJECT, INC.
200 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
anna.dorman@protectdemocracy.org

*Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, the League of Women Voters of Virginia Education Fund, and African Communities Together*

*\*Motion for pro hac vice participation pending*
*\*\*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2024, I electronically filed the above document with the Clerk

of Court using the ECF system, which will provide electronic copies to any counsel of record.


<u>/s/ Shanna Ports</u>
Shanna Ports