IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS; LEAGUE OF WOMEN VOTERS OF VIRGINIA; LEAGUE OF WOMEN VOTERS OF VIRGINIA EDUCATION FUND; AFRICAN COMMUNITIES TOGETHER,<br><br>   *Plaintiffs*,<br><br>v.<br><br>SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections; ROSALYN R. DANCE, in her official capacity as Vice-Chairman of the State Board of Elections; GEORGIA ALVIS-LONG, in her official capacity as Secretary of the State Board of Elections; DONALD W. MERRICKS and MATTHEW WEINSTEIN, in their official capacities as members of the State Board of Elections; and JASON MIYARES, in his official capacity as Virginia Attorney General,<br><br>   *Defendants*. | Case No. 1:24-cv-1778 (lead case)<br><br>Case No. 1:24-cv-1807 (consolidated case)<br>Judge Patricia Tolliver Giles |

### **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER DIVISION**

Plaintiffs respectfully submit this response in opposition to Defendant Susan Beals' Motion to Transfer Division, ECF No. 46. The Alexandria Division, which is the home forum for Plaintiff VACIR and in which all Plaintiffs have focused most of their work to combat the effects of Defendants' Purge Program, is the proper venue. The interests of justice weigh in favor of denying the motion: transfer would only delay resolution of Plaintiffs' Motion for Preliminary Injunction,

1

making it more likely that eligible U.S. citizens in Virginia are denied the right to vote in November's election. And in any event, all four of the factors considered under 28 U.S.C. § 1404(a) weigh heavily *against* transfer.

## LEGAL STANDARD

Venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). If a case is brought in the wrong venue, then the action should be transferred to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Local Rule 3(C) applies these same rules "to determine the proper division in which an action shall be filed." "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "[T]he Court cannot disturb Plaintiff's choice of forum 'unless the balance of the hardships clearly favors transfer.'" *Intranexus, Inc. v. Siemens Med. Sols. Health Servs. Corp.*, 227 F. Supp. 2d 581, 583–84 (E.D. Va. 2002) (quoting *Nossen v. Hoy,* 750 F. Supp. 740, 742 (E.D. Va. 1990)).

## ARGUMENT

**A.     Deference afforded to Plaintiffs weighs in favor of Plaintiffs' choice of venue.**

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Plumbers & Pipefitters Nat. Pension Fund*, 791 F.3d at 444 (quoting *Bd. of Trustees v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). While "the plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action," *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor*

*Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988), here there is a substantial connection between the chosen venue and the cause of action.

First and foremost, despite Defendant's assertion to the contrary, the Alexandria Division *is* the home venue for Plaintiff VACIR, which has its office in the City of Alexandria. *See* ECF 1-1. Even greater deference to Plaintiffs' selection of the Alexandria Division is therefore appropriate because "a plaintiff's choice of his home forum for venue purposes is given greater weight." *Id.* at 1256.

Second, in addition to VACIR, Plaintiffs LWVVA and ACT have significant connections to the Alexandria Division. The Alexandria Division encompasses five of the fourteen local LWVVA chapters, compared to just two located in the Richmond Division.[1] LWVVA's president, Joan Porte, lives and works in Arlington. *See* ECF 26-24 at 15. While ACT is headquartered in New York, its Virginia regional office is in Arlington and, therefore, in the Alexandria Division. *See* ECF 26-25 at 2. Furthermore, the majority of ACT's Virginia members, many of whom are naturalized citizens, reside in Northern Virginia, in particular in Arlington County and the City of Alexandria. *Id.* at 3.

Third, the impacts of the Purge Program—and Plaintiffs' actions to minimize those impacts—have predominantly taken place in the Alexandria Division, not the Richmond Division. Two-thirds of all immigrants in Virginia live in Northern Virginia, of which more than half are naturalized citizens.[2] Illustratively, Plaintiff LWVVA has distributed 6,440 postcards to registered voters that the League and its partners identified as highly likely to have been purged as a result of

---

[1] LWVVA, *Local Leagues*, https://my.lwv.org/virginia/local-leagues (Oct. 18, 2024).
[2] *See* Virginia Department of Social Services, *A Profile of Immigrant Virginians*, https://www.dss.virginia.gov/files/division/cvs/ona/immigrant_services/reports_and_information/background_paper_a_profile_of_immigrant_virginians.pdf (2020). Fairfax County has the largest Hispanic population in the state. *Id.*

3

the Purge Program. ECF 26-24 at 11. Of those, 3,326 were sent to voters residing in the Alexandria Division, while only 1,067 were sent to voters in the Richmond Division. Plaintiffs have accordingly targeted their limited resources and efforts to minimize the impacts of the ongoing Voter Purge in the Alexandria Division more than in the Richmond Division. Further, the local Leagues of Fairfax, Arlington, and Alexandria have committed significant volunteer resources to help naturalized citizens register to vote at naturalization ceremonies in the Alexandria Division. ECF 26-24 at 5. This distribution of impacted voters—and Plaintiffs' efforts to ensure impacted voters are not ultimately denied their right to vote—underscores the nexus between Plaintiffs' chosen venue and the cause of action.

The burdens imposed by Defendants' Purge Program on Plaintiffs' limited resources has ultimately harmed their ability to serve communities with large naturalized citizen populations, which are found most heavily in the Alexandria Division. Plaintiffs' choice of the Alexandria Division accordingly merits substantial weight.

**B.      Witness convenience and access weigh in favor of Plaintiffs' choice of venue.**

Here, witness convenience and access weigh in favor of Plaintiffs' choice of venue. "A party seeking [Section 1404(a)] discretionary transfer 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought.'" *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990) (quoting *Medicenters of America, Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974) (emphasis in original)). To do so, a movant must provide "reliable information identifying the witnesses involved and specifically describing their testimony. This type of particularized information, typically submitted in affidavit form, is necessary to enable the court to ascertain how

much weight to give a claim of inconvenience." *Bd. of Trustees, Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1258. Defendant Beals did not meet this burden.

Defendant failed to provide any particularized information about potential witnesses on whom she may rely, instead making assertions of who "in Plaintiffs' view of the case, the key potential witnesses are . . . ." ECF 47 at 6. But that speculation fails to include potential witnesses for whom the current Alexandria Division venue is more convenient. These potential witnesses include County registrars, members of County Electoral Boards, and Commonwealth attorneys, whose testimony is highly relevant to demonstrate how the Purge Program is being executed. It also fails to consider Plaintiffs' representatives and impacted voters, more of whom reside in the Alexandria Division than the Richmond Division, whose testimony is highly relevant to demonstrate the harm of the Purge Program. As Defendant Beals pointed out, this litigation is taking place "in the midst of the most critical time" for election administration, making it particularly important to avoid inconveniencing the local officials whose job it is to administer Virginia's elections.[3] And as outlined above, the Purge Program is likely disproportionately impacting voters in the Alexandria Division over the Richmond Division, so the most relevant local witnesses are likely to reside in the Alexandria Division.

*Even if* Defendant Beals were claiming the witnesses listed in her brief, ECF 47 at 5-6, would be relevant to her *own* case—and setting aside her failure to provide the requisite particularized evidence of those witnesses' relevant testimony—Defendant still failed to meet her

---

[3] VA Dept. of Elections, *Electoral Board Job Description* at 1 ("The authority for the administration of all aspects of elections for the locality remains with the Electoral Board, including oversight of the General Registrar/Director of Elections."), *available at* https://www.elections.virginia.gov/media/boardpapers/grebworkgroup/ElectoralBoardJobDescription.pdf (last accessed Oct. 17, 2024).

5

burden.[4] Where "the original forum is convenient for plaintiff's witness[es], but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum…transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience." *Bd. of Trustees, Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1258 (internal quotation omitted). Defendant Beals failed to show that transferring from the Alexandria Division to Richmond would do anything more than "shift the balance of inconvenience," *id*., and certainly failed to make the requisite showing that witness convenience and access are "*strongly* in favor" of such a transfer. *Nossen*, 750 F. Supp. at 742.

Moreover, as Defendant recognizes, *see* ECF 47 at 5, "[t]he convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue." *Mullins v. Equifax Info. Servs., LLC*, 3:05-CV-888, 2006 WL 1214024, at *7 (E.D. Va. Apr. 28, 2006). That weighs heavily in favor of denying the transfer motion here, where likely non-party witnesses include officials of counties in the Alexandria Division, as well as affected voters who mostly live and work in the Alexandria Division.

C.     **Convenience of the parties weighs against transfer.**

"The parties' relative convenience is also a relevant transfer factor." *Bd. of Trustees, Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1259. This factor, however, "is chiefly operative in cases where the plaintiff chooses a forum away from home." *Id*. That is not the case here where Plaintiff VACIR's home forum is the Alexandria Division. The Alexandria Division is also more convenient for Plaintiff LWVVA, whose President and chief representative reside in Arlington, ECF 26-24 at 15, and who have more local chapters in the Alexandria Division than in the Richmond Division.

---

[4] Defendants' motion asserts that depositions of state officials would be inconvenient in the Alexandria Division, *see* ECF 47 at 5-6, but Plaintiffs are willing to take those and other depositions remotely.

Even setting aside the question of home forum, the fact that Richmond would be more convenient for Defendant Beals does not weigh in her favor: "Inconvenience to the movant alone will not demonstrate sufficient reason for a 1404(a) transfer." *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990). That is because, once again, "transfer would likely serve only to shift the balance of inconvenience from Defendant to Plaintiff." *Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007) (internal quotation omitted). This factor, therefore, does not weigh in favor of transfer.

**D.      The interest of justice weighs in favor of Plaintiffs' choice of venue.**

Finally, the interest of justice weighs in favor of denying transfer, in large part because a transfer would delay the resolution of this extremely time-sensitive case that involves the fundamental right to vote.

"The interest of justice factor is meant to include all other considerations bearing on the suit other than convenience of witnesses and the parties. Such factors include: the pendency of a related action, a court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment." *Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007). Of the enumerated factors, as Defendant notes, there is a pending related action filed by the Department of Justice in this same Division challenging the Purge Program for violating the NVRA. *See* Complaint, *United States v. Virginia, et al*, No. 1:24-cv-01807 (E.D. Va. Oct. 11, 2024). This weighs in favor of keeping the action in the Alexandria Division.

Defendants' claim that "'docket congestion' favors transfer from Alexandria to Richmond given the distribution of cases in the Eastern District" is belied by this Court's scheduling of two

motion hearings for this matter: an October 21 hearing on Plaintiffs' Emergency Motion for Expedited Discovery and an October 24 hearing on Plaintiffs' Motion for Preliminary Injunction.

Most importantly, because hearings are scheduled for this week, transferring the case would delay its resolution. With Election Day—the last opportunity for Virginians to exercise their fundamental right to vote—just 15 days away, voters unlawfully purged face imminent irreparable harm.[5] If the Motion for Preliminary Injunction is granted, implementing any remedy, such as restoring voters to the rolls and notifying the voters of their status, will take some time, which is running short. The delay created by a transfer, therefore, would run sharply contrary to the interest of justice. *See PBM Prod., Inc. v. Mead Johnson & Co.,* 3:01-CV-199, 2001 WL 841047, at *2 (E.D. Va. Apr. 4, 2001) ("[T]he Court finds that the delay that would, by necessity, result from the transfer requested by the defendant would not serve the interests of justice.").

## CONCLUSION

Plaintiffs' selection of the Alexandria Division is due substantial deference, and "before transfer is warranted, a defendant must demonstrate that the deference due plaintiff's choice of venue is clearly outweighed by other factors." *Sheet Metal Workers Nat. Fund*, 702 F. Supp. at 1256 (internal quotation omitted). Defendant has made no such showing. Plaintiffs therefore respectfully request that the Court deny Defendants' Motion to Transfer Division.

Date: October 21, 2024

Respectfully submitted,

/s/ Shanna Ports

| | |
|---|---|
| Ezra D. Rosenberg** | Shanna Ports (VSB No. 86094) |
| Ryan Snow** | Danielle Lang** |
| Javon Davis** | Kevin Hancock** |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS | Brent Ferguson** |
| UNDER LAW | Simone Leeper* |

---

[5] Courts routinely deem restrictions on fundamental voting rights irreparable injury. *See League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014).

1500 K Street, NW, Ste. 900
Washington, DC 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
rsnow@lawyerscommittee.org
jdavis@lawyerscommittee.org

Orion Danjuma*
John Paredes*
THE PROTECT DEMOCRACY PROJECT, INC.
82 Nassau Street, # 601
New York, NY 10038
Telephone: (202) 579-4582
orion.danjuma@protectdemocracy.org
john.paredes@protectdemocracy.org

Benjamin L. Berwick*
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Anna Dorman*
THE PROTECT DEMOCRACY PROJECT, INC.
200 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
anna.dorman@protectdemocracy.org

CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sports@campaignlegalcenter.org
dlang@campaignlegalcenter.org
khancock@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sleeper@campaignlegalcenter.org

John Powers**
Hani Mirza**
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850 Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org

*Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, the League of Women Voters of Virginia Education Fund, and African Communities Together*

*Motion for pro hac vice participation pending
**Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Shanna Ports

Shanna Ports