IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| VIRGINIA COALITION FOR<br>    IMMIGRANT RIGHTS *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1778 (PTG/WBP) |
| | ) | |
| SUSAN BEALS, | ) | |
| *in her official capacity as Virginia* | ) | |
|     *Commissioner of Elections et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1807 (PTG/WBP) |
| | ) | |
| COMMONWEALTH OF VIRGINIA *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

This matter is before the Court on Defendants' Motions to Transfer Division pursuant to Local Civil Rule 3(C) and 28 U.S.C. § 1404(a). *See* Civil Action No. 1:24-cv-1778 ("Lead Case") Dkt. 46; Civil Action No. 1:24-cv-1807, Dkt. 11.[1]  In essence, Defendants argue that this case should be transferred to the Richmond Division because it is a more convenient venue and a transfer to that division is in the interest of justice.  For the reasons stated below, the Court finds

---

[1] These civil actions were consolidated on October 18, 2024. Civil Action No. 1:24-cv-1778, Dkt. 65; Civil Action No. 1:24-cv-1807, Dkt. 16.

1

that the interest of justice and remaining factors under § 1404(a) do not weigh in favor of transfer, and thus denies Defendants' motions.

## Legal Standard

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)–(2). In pertinent part, Local Rule 3(C) provides:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well. The venue rules stated in 28 U.S.C. § 1391 *et seq.* also shall apply to determine the proper division in which an action shall be filed. For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

E.D.Va. Loc. Civ. Rule 3(C). Here, the parties do not dispute that venue is proper in both the Alexandria Division and the Richmond Division. The issue is whether this case should be transferred to the Richmond Division.

"The decision whether to transfer an action . . . is committed to the sound discretion of the district court." *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004). Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The transfer inquiry asks (1) whether the case could have been originally brought in the transferee court and (2) whether transfer to that forum "would be for the convenience of the parties and witnesses and in the interest of justice." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007). In answering the second prong of the transfer inquiry, the Court must analyze four factors: "(1) the plaintiff's [initial] choice of venue, (2) witness convenience and access, (3) the convenience of the parties, and (4) the interest of

2

justice." *Id.* (alteration in original) (quoting *Precision Franchising, LLC v. Coombs,* Civ. No. 1:06cv1148, 2006 WL 3840334, at *2 (E.D.Va. Dec. 27, 2006)).

**Analysis**

### 1.   *Plaintiffs' Initial Choice of Forum is Afforded Substantial Weight*

A plaintiff's initial choice of forum is given substantial weight. *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). A movant seeking transfer of a case out of the plaintiff's initial choice of forum "bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought." *Medicenters of Am., Inc. v. T & V Realty & Equip. Corp.,* 371 F. Supp. 1180, 1184 (E.D. Va. 1974). However, if a plaintiff's chosen venue is not its home forum and "the claims bear little or no relation to the chosen forum," the plaintiff's choice is not entitled to substantial weight. *Koh,* 250 F. Supp. 2d at 633; *see also Mullins v. Equifax Info. Servs., LLC,* Civ. No. 3:05cv888, 2006 WL 1214024, at *5 (E.D. Va. Apr. 28, 2006).

Here, Defendants argue Plaintiffs' choice of forum in the Alexandria Division is not entitled to substantial weight because Alexandria is not the Plaintiffs' home forum nor do the claims have a particular connection to the Alexandria Division. Lead Case Dkt. 47 at 3–4; Civil Action No. 1:24-cv-1807, Dkt. 12 at 3–4. Additionally, they argue that the claims in this case relate to an investigation process that took place across the Commonwealth of Virginia and that to the extent the claims relate to specific acts or omissions by Defendants, those acts or omissions occurred in Richmond, Virginia. Lead Case Dkt. 47 at 4; Civil Action No. 1:24-cv-1807, Dkt. 12 at 3.

As it relates to the Plaintiff Organizations' home forum, the Virginia Coalition for Immigrant Rights ("VACIR") is headquartered in Alexandria, Virginia. Lead Case Dkt. 26-23 ¶ 3; Dkt. 70 at 3. African Communities Together is headquartered in New York, New York and has an

3

office in Arlington, Virginia.  Lead Case Dkt. 26-25 ¶ 7; Lead Case Dkt. 70 at 3.  The other two plaintiff organizations, League of Women Voters of Virginia ("LWVVA") and the LWVVA Education Fund, are headquartered in Richmond, Virginia.  Lead Case Dkt. 47 at 4.  Therefore, the Alexandria Division is the home forum for the VACIR while the Richmond Division is the home forum for the LWVVA and the LWVVA Education Fund.

However, the Court finds that the claims and evidence offered have a significant connection to the Alexandria Division where both the United States and the Plaintiff Organizations have offered evidence of voters being removed from registrant rolls of counties within the Alexandria Division.  *See* Lead Case Dkt. 26-1 at 6–7 (discussing actions of Arlington, Fairfax, Prince William, and Loudoun counties in cancelling registrations for alleged non-citizens); *id.* at 26-6 (Notice of Intent to Cancel Registration from Alexandria City); *id.* at 26-8 (Voter Registration Cancellation Notice from Arlington County); *id.* at 26-10 (correspondence from Fairfax County Commonwealth's Attorney discussing removal of alleged non-citizens from voter rolls); *id.* at 26-19 (communication with Fairfax County Office of Elections and Virginia Department of Elections discussing removal of individuals from voter rolls); *see also* Civil Action No. 1:24-cv-1807, Dkt. 9-4 (email from Director of Elections and General Registrar of Prince William County discussing removal of alleged non-citizens from voter rolls); *id.* 9-9 (Voter Registration Cancellation Notice from Arlington County); *id.* at 9-12 (Loudoun County Electoral Board Meeting Recording); *id.* at 9-13 (Loudoun County Electoral Board Meeting Agenda); *id.* at 9-15 (Prince William County Electoral Board Meeting Recording).

Therefore, although the Alexandria Division is not the home forum for all of the Plaintiff Organizations, the claims of the Plaintiff Organizations and the United States bear a strong

relationship to the Alexandria Division.  As such, the Court finds that Plaintiffs' initial forum choice of the Alexandria Division should be afforded substantial weight.

**2.**   ***Defendants Cannot Show That Convenience or the Interest of Justice Strongly Favor Transfer to the Richmond Division***

Because Plaintiffs' initial forum choice is afforded substantial weight, Defendants must show that "the balance of convenience among the parties and witnesses is *strongly* in favor of" transfer to the Richmond Division. *Medicenters of Am., Inc.*, 371 F. Supp. at 1184.  Defendants argue that key witnesses that both parties will rely on are Virginia government employees who are based in Richmond.  Lead Case Dkt. 47 at 5–6; Civil Action No. 1:24-cv-1807, Dkt. 12 at 4–5. However, Plaintiff Organizations have expressed an intent to rely on "[c]ounty registrars, members of County Electoral Boards, and Commonwealth [A]ttorneys" in addition to "Plaintiffs' representatives and impacted voters" as potential witnesses.  Lead Case Dkt. 70 at 5; *see also* Lead Case Dkt. 63 at 1.  These witnesses are based in the Alexandria Division.  The United States has also stated an interest in calling affected voters and local registrars from Loudoun, Fairfax, and Prince William counties as witnesses.  Lead Case Dkt. 69 at 6.

"It is often the case that the original forum is convenient for a plaintiff's witnesses whereas the transferee forum is convenient for a defendant's witnesses." *Kattan*, 2021 WL 12256232, at *3.  This situation is not a sufficient basis on which to grant a motion to transfer as it "would merely shift the balance of inconvenience" to the other party. *E. Sci. Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 180 (E.D. Va. 1988).  Transferring this case to Richmond would only serve to burden Plaintiffs' potential witnesses located in Northern Virginia, instead of burdening the Virginia state officials who are based in Richmond.

Further, in order for the Court to determine how much weight to give a claim of inconvenience the movant must generally provide "particularized information, typically submitted

5

in affidavit form," identifying specific witnesses. *JTH Tax, Inc.*, 482 F. Supp. 2d at 737 (quoting *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)); *see also Zurawski*, 2020 WL 13892584, at *5. The parties have not proffered this type of particularized information in affidavit form at this stage. Accordingly, the witness convenience factor does not weigh strongly in favor of transfer to the Richmond Division.

Next, the Court must evaluate the convenience of the parties. While "[t]he logical starting point is a consideration of the residence of the parties," "residence is not a controlling factor if the convenience of witnesses and the interest of justice point strongly in a contrary direction." *Mullins*, 2006 WL 1214024, at *6 (citations omitted). Here, the VACIR is headquartered in Alexandria, Virginia while African Communities Together has an office in Arlington, Virginia. Lead Case Dkt. 70 at 3. The LWVVA and the LWVVA Education Fund and Defendants are based in Richmond. However, the President and chief representative of the LWVVA reside in Arlington and the LWVVA has more local chapters in the Arlington Division than the Richmond Division. Lead Case Dkt. 70 at 6. The Federal Government has U.S. Attorney's Offices in both Richmond, Virginia and Alexandria, Virginia. Given these facts, the Court does not find that the convenience of the parties weighs in favor of a transfer to the Richmond Division.

Finally, the Court must determine whether a transfer is in the interest of justice. "The 'interest of justice' category is designedly broad." *Bd. of Trs., Sheet Metal Workers Nat'l Fund*, 702 F. Supp. at 1260. Within the interest of justice category, the Court may consider factors including "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Mullins*, 2006 WL 1214024, at *8. "Depending on the

6

circumstances of the case, 'the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.'" *Id.* at \*5 (citation omitted).

Defendants argue, without factual support, that docket congestion favors a transfer from Alexandria to Richmond. Lead Case Dkt. 47 at 7; Civil Action No. 1:24-cv-1807, Dkt. 12 at 6. Further, Defendants argue that the Richmond Division is well suited to address the claims in this case because the Richmond Division regularly deals with suits in which state government officials are defendants. Lead Case Dkt. 47 at 7; Civil Action No. 1:24-cv-1807, Dkt. 12 at 6. The Court is not persuaded by these arguments. The Alexandria Division also frequently sees suits involving Virginia state elections brought against Virginia government entities. *See Curtin v. Va. State Bd. of Elections*, 463 F. Supp. 3d 653 (E.D. Va. 2020) (case heard in the Alexandria division involving a preliminary injunction against Virginia state election officials); *Democratic Party of Va. v. Va. State Bd. of Elections*, Civ. No. 1:13cv1218, 2013 WL 5741486 (E.D. Va. Oct. 21, 2013) (case heard in the Alexandria Division involving a preliminary injunction in a suit brought against Virginia state election officials); *Lecky v. Va. State Bd. of Elections*, 285 F. Supp. 3d 908 (E.D. Va. 2018) (suit brought in the Alexandria Division against State Board of Elections and Commissioner of Elections).

The size of the docket in the Alexandria Division has not prevented this Court from addressing various issues in the case. Additionally, the "interest of justice favor[s] a venue which has already committed judicial resources to the contested issues and is familiar with the facts of the case." *Conte v. Commonwealth of Virginia*, No. 3:19CV575, 2020 WL 3883251, \*4 (E.D. Va. July 9, 2020) (quoting *Wenzel v. Knight*, Civ. No. 3:14cv432, 2015 WL 222179, at \*4 (E.D. Va. Jan. 14, 2015)). This Court has already devoted judicial resources to the issues and facts of this

case and is scheduled to hear the motion for preliminary injunction on Thursday, October 24, 2024.

Furthermore, the 2024 general election day is fifteen days away. Time is of the essence. The citizens of the Commonwealth have an interest in this matter being resolved swiftly. Transferring this case at this stage would only result in undue delay. Therefore, the interest of justice does not weigh in favor of transfer.

### Conclusion

In sum, the Court finds that the claims and evidence in this case bear a strong relationship to the Alexandria Division and that Plaintiffs' initial forum choice of the Alexandria Division is afforded substantial weight. Defendants have not shown that the balance of convenience to the witnesses and parties and the interest of justice strongly favor transfer to the Richmond Division. Accordingly, it is hereby

**ORDERED** that Defendants' motions to transfer (Lead Case Dkt. 46; Civil Action No. 1:24-cv-1807, Dkt. 11) are **DENIED**.

October 21, 2024
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

8