# EXHIBIT B

FILED

2024 Oct-16  PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALABAMA COALITION FOR IMMIGRANT JUSTICE,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:24-cv-1254-AMM** |
| | ) | |
| **WES ALLEN, in his Official Capacity as Alabama Secretary of State,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:24-cv-1329-AMM** |
| | ) | |
| **STATE OF ALABAMA and WES ALLEN, in his Official Capacity as Alabama Secretary of State,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PRELIMINARY INJUNCTION

For decades, federal law has given states a hard deadline to complete systematic purges of ineligible persons from voter rolls: no later than ninety days before a federal election. This year, Alabama Secretary of State Wes Allen (1) blew the deadline when he announced a purge program to begin eighty-four days before the 2024 General Election, (2) later admitted that his purge list included thousands

of United States citizens (in addition to far fewer noncitizens, who are ineligible to vote), and (3) in any event, referred everyone on the purge list to the Alabama Attorney General for criminal investigation.

These cases allege that Secretary Allen unlawfully began a process within ninety days of the 2024 General Election that placed 3,251 registered Alabama voters on a path to removal from the voter rolls. *See Alabama Coalition for Immigrant Justice v. Allen*, No. 2:24-cv-1254 (asserting constitutional and statutory claims); *United States of America v. Allen*, No. 2:24-cv-1329 (asserting a statutory claim). The court consolidated the cases, received briefing on motions to dismiss and for preliminary injunctive relief, and received evidence at a hearing on October 15 and 16, 2024, including live testimony from Mr. Clay Helms, Chief of Staff to Secretary Allen.

Based on findings of fact and conclusions of law about the 90 Day Provision of the National Voter Registration Act, 52 U.S.C. § 20507(c)(2), announced in open court, it is hereby **ORDERED** that:

1.     The State of Alabama and Secretary Allen are preliminarily enjoined from continuing the program intended to systematically remove the names of ineligible voters from registration lists that is the subject of this litigation ("the Program").

2.     This order does not preclude removal of names from the official list of

voters at the request of the registrant, by reason of criminal conviction or mental incapacity (as provided by State law), by reason of the death of the registrant, or based on individualized information about non-citizenship.

3.     This order does not limit Secretary Allen's authority or ability to remove noncitizens from Alabama's voting rolls, nor Alabama's authority or ability to investigate noncitizens who register to vote or vote in Alabama's elections. The preliminary injunction applies only to the Program.

4.     Within three days of this Order, Secretary Allen is ordered to issue guidance to county registrars in all sixty-seven counties to immediately restore to active status the voter registration records of registrants inactivated as part of the Program, so long as those individuals (1) did not subsequently submit a voter removal request, or (2) are not subject to removal by reason of criminal conviction or mental incapacity (as provided by State law), or by reason of the death of the registrant.

5.     Within three days of this Order, Secretary Allen is further ordered to issue guidance to county registrars in all sixty-seven counties to immediately provide a remedial mailing to each registrant inactivated as part of the Program who did not subsequently submit a voter removal request:

  a.   Informing the registrant that eligible registrants have been restored to active status;

    b.   Explaining that eligible registrants may cast a regular ballot on Election Day in the same manner as other eligible voters;

    c.   Advising the registrant that inclusion in the Program does not by itself establish that they are ineligible to vote or subject to criminal prosecution for registering to vote or for voting; and

    d.   Advising registrants who are not United States citizens that they remain ineligible to cast a ballot in Alabama elections.

6.    Within three days of this Order, Secretary Allen is further ordered to issue guidance to county registrars in all sixty-seven counties to immediately provide a remedial mailing to each registrant inactivated as part of the Program who subsequently submitted a voter removal request, (1) advising these individuals that if they are United States citizens and otherwise meet voter qualifications, they have the right to vote and may reregister to vote; and (2) advising these individuals about how to reregister to vote before the applicable deadline. This remedial mailing need not go to any individual who submitted a voter removal request and conceded ineligibility.

7.    Within three days of this Order, Secretary Allen (1) shall post template copies of both remedial mailings, along with a copy of this Order, on his governmental website, and (2) shall issue a press release in his office's customary manner that announces this court's order. Following discussions with counsel for the

State on the second day of the hearing in these cases, the court also orders that Secretary Allen's governmental website should reflect in a manner consistent with Alabama law that the information in Secretary Allen's August 13, 2024 press release has now been superseded by federal court order.

8.     Within five days of this Order, Secretary Allen shall write to the Alabama Attorney General a letter in follow-up to Secretary Allen's August 14, 2024 letter referring 3,251 Alabamians for criminal investigation in connection with the Program. Secretary Allen's follow-up letter must communicate to the Attorney General that the Secretary's office has determined since the commencement of the Program that a number of Alabamians were inaccurately referred to the Attorney General and shall identify those Alabamians in the same manner they were identified in the original letter.

9.     This preliminary injunction expires on the day after the 2024 General Election.

10.     The court reserves ruling on all other issues in these cases.

**DONE** and **ORDERED** this 16th day of October, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE