IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

VIRGINIA COALITION FOR
IMMIGRANT RIGHTS; LEAGUE OF
WOMEN VOTERS OF VIRGINIA;
LEAGUE OF WOMEN VOTERS OF
VIRGINIA EDUCATION FUND

    *Plaintiffs*,

    v.

SUSAN BEALS, in her official capacity as
Virginia Commissioner of Elections; JOHN
O'BANNON, in his official capacity as
Chairman of the State Board of Elections;
ROSALYN R. DANCE, in her official
capacity as Vice-Chairman of the State Board
of Elections; GEORGIA ALVIS-LONG, in
her official capacity as Secretary of the State
Board of Elections; DONALD W.
MERRICKS and MATTHEW WEINSTEIN,
in their official capacities as members of the
State Board of Elections; and JASON
MIYARES, in his official capacity as Virginia
Attorney General

    *Defendants*.

Case No. 24-01778-PTG-WBR

**PUBLIC INTEREST LEGAL FOUNDATION'S OPPOSED MOTION FOR LEAVE
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS**

Pursuant to Rule 7(A) of the Local Rules of the Eastern District of Virginia, the Public Interest Legal Foundation, Inc. (the "Foundation") moves for leave to file an *amicus curiae* brief in support of Defendants. In support of this motion, the Foundation states the following:

1.     "District courts have discretion to permit the filing of amicus brief by a

1

third party." *American Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). "There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as an amicus, so district courts 'often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level.'" *Id.* "Under that rule, a proposed amicus should state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). District courts have allowed the participation of amici when "they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* If, on the other hand, the Court does not find the "proffered information timely and useful," the motion should not be granted". *United States v Aigbekaen*, 2024 US Dist LEXIS 30036, at *8-9 (D Md Feb. 21, 2024).

2. The Foundation has extensive experience enforcing the National Voter Registration Act including numerous reported cases about the statute including *Pub. Int. Legal Found., Inc. v Bellows*, 92 F.4th 36 (1st Cir 2024), *Pub. Int. Legal Found., Inc. v. N. Carolina State Bd. of Elections*, 996 F3d 257 (4th Cir. 2021), and *Pub. Int. Legal Found., Inc. v. Matthews*, 589 F. Supp. 3d 932 (C.D. Ill. 2022).

3. The Foundation believes that this brief—drawing, in part, from the expertise of the Foundation —will aid in the Court's consideration of the Plaintiffs' motion.

4. Proposed amicus sought consent from the parties to file this brief. Defendants objected to the filing of the brief. Plaintiffs did not respond to proposed amicus request for their position.

For these reasons, the Foundation respectfully requests leave to file the accompanying proposed *amicus curiae* brief in support of Defendants.

Respectfully submitted,

*/s/ J. Christian Adams*
J. Christian Adams
PUBLIC INTEREST LEGAL FOUNDATION
1729 King Street
Suite 100
Alexandria, Virginia 22314
Phone: (703) 963-8611
Fax: (888)815-5641
adams@publicinterestlegal.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that Proposed Amicus, through counsel, conferred with counsel for the parties for leave to file this motion, and that all local rules were complied with in so doing.

<i><u>/s/ J.Christian Adams</u></i>
J. Christian Adams