IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VIRGINIA COALITION FOR <br>    IMMIGRANT RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SUSAN BEALS, <br> *in her official capacity as Virginia* <br>    *Commissioner of Elections, et al.*, <br><br> *Defendants*. | Civil Action No. 1:24-cv-1778 (PTG/WBP) |

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMONWEALTH OF VIRGINIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:24-cv-1807 (PTG/WBP) |

## ORDER

This matter is before the Court on Motions for Preliminary Injunction (Dkt. 26; Civil Action No. 1:24-cv-1807, Dkt. 9) filed by the Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, the League of Women Voters of Virginia Education Fund, African Communities Together, and the United States ("Plaintiffs").

To receive a preliminary injunction, Plaintiffs bear the burden of establishing: (1) they are likely to succeed on the merits of the case; (2) they are likely to suffer irreparable harm in the

1

absence of injunctive relief; (3) the balance of equities tips in their favor; and (4) an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Roe v. Dept. of Defense*, 947 F.3d 207, 219 (4th Cir. 2020).

For the reasons stated in open court, the Court finds that Plaintiffs have established the four elements of the *Winter* test for preliminary injunctive relief.

Accordingly, it is hereby

1. **ORDERED** that Plaintiffs' Motions for Preliminary Injunction (Dkt. 26; Civil Action No. 1:24-cv-1807, Dkt. 9) are **GRANTED in part** and **DENIED in part**; it is further

2. **ORDERED** that the Commonwealth of Virginia, the Virginia State Board of Elections, and Susan Beals, John O'Bannon, Rosalyn Dance, Georgia Alvis-Long, Donald Merricks, and Matthew Weinstein in their official capacities ("Defendants"), along with their agents, are enjoined from continuing any systematic program intended to remove the names of ineligible voters from registration lists less than 90 days before the November 5, 2024, federal General Election, although this does not preclude removal of names from the official list of voters at the request of the registrant, by reason of criminal conviction or mental incapacity (as provided by Virginia law), individual correction, or by reason of the death of the registrant; and it is further

3. **ORDERED** that Defendants and their agents restore voter registration of registrants cancelled pursuant to Defendants' Program after August 7, 2024, unless the registrant (1) subsequently submits a voter removal request, or (2) is subject to removal by reason of criminal conviction or mental incapacity (as provided by Virginia law), or by reason of the death of the registrant; it is further

4. **ORDERED** that within five (5) days of this Order, Defendants and their agents issue guidance to county registrars in every local jurisdiction in Virginia to immediately restore

the voter registration records of registrants removed pursuant to Defendants' Program, so long as those individuals (1) did not subsequently submit a voter removal request, or (2) are not subject to removal by reason of criminal conviction or mental incapacity (as provided by Virginia law), or by reason of the death of the registrant; it is further

5. **ORDERED** that within five (5) days of this Order, Defendants and their agents provide a remedial mailing to each registrant described in Paragraph 3:

   a. Informing the registrant that their voter registration has been restored to the voter rolls;

   b. Explaining that the registrant may cast a regular ballot on Election Day in the same manner as other eligible voters;

   c. Advising the registrant that cancellation of their registration pursuant to the purported noncitizen removal program after August 7, 2024, does not in itself establish that they are ineligible to vote or subject to criminal prosecution or any other penalty for registering to vote or for voting; and

   d. Advising registrants who are not U.S. citizens that they remain ineligible to cast a ballot in Virginia elections; it is further

6. **ORDERED** that within five (5) days of this Order, Defendants and their agents shall:

   a. Post template copies of the remedial mailing described in Paragraph 5, along with a copy of this Order, on the website of the Virginia Department of Elections; and

   b. Issue a press release in the customary manner of the Department of Elections that announces this Court's Order; it is further

7.     **ORDERED** that within five (5) days of this Order, Defendants and their agents make all reasonable and practicable efforts to educate local officials, poll workers, and the general public on Defendants' program, the restoration of the voter registrations of impacted voters, and the ability of impacted voters to cast a regular ballot without submitting supplemental paperwork or documentation. Such efforts shall include the tracking of poll worker training in all 95 counties and independent cities in the Commonwealth concerning cessation of the purported noncitizen removal program and the remedial actions required by this Order; it is further

8.     **ORDERED** that within five (5) days of this Order, Defendants shall submit to this Court under seal a report detailing every voter registration cancelled on or after August 8, 2024, to the present. That report shall include the voter's full name (including first, middle, and last names and any suffixes), address, voter identification number, social security number (if available), driver's license number (if available), date of voter registration, date of cancellation, and reason for cancellation; it is further

9.     **ORDERED** that Defendants' authority or ability to cancel the voter registration of noncitizens through individualized review is not limited by this Order. Nor does this Order limit Defendants' authority or ability to investigate noncitizens who register to vote or who vote in Virginia's elections. The preliminary injunction applies only to Defendants' systematic Program which occurred after August 7, 2024; it is further

10.    **ORDERED** that the Motions for Preliminary Injunction (Dkt. 26; Civil Action No. 1:24-cv-1807, Dkt. 9) are **DENIED** in all other respects; and it is further

11.    **ORDERED** that this injunction expires on the day after the 2024 General Election.

Entered this 25th day of October, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4