IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Virginia Coalition for Immigrant Rights, et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) Civil Action No. 1:24-cv-01778 |
| **Susan Beals, in her official capacity as Virginia Commissioner of Elections, et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Susan Beals, John O'Bannon, Rosalyn R. Dance, Georgia Alvis-Long, Christopher P. Stolle,[1] J. Chapman Petersen, and Jason Miyares (collectively, "Defendants"), in their official capacities and by and through their counsel, make the following assertions, admissions, denials, and defenses in answer to the claims brought against them by Virginia Coalition for Immigrant Rights ("VACIR"), League of Women Voters of Virginia ("LWVVA"), League of Women Voters of Virginia Education Fund ("LWVVEF"), and African Communities Together ("ACT") (collectively, "Plaintiffs") in the First Amended Complaint.

## INTRODUCTION

1. Defendants deny the existence of a "Purge Program" and the allegation that they "brazenly intensified" any such program. Defendants admit that Governor Youngkin issued Executive Order 35 on August 7, 2024. Defendants state that Executive Order 35 speaks for itself and deny any allegation inconsistent with the same. The remaining allegations in paragraph 1 are

---

[1] Defendants Stolle and Petersen have been automatically substituted for Donald W. Merricks and Matthew Weinstein pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny these allegations.

2. Defendants deny the existence of a "Purge Program." Defendants deny the allegations in the first, second, third, fifth, sixth, and eighth sentences of paragraph 2. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of paragraph 2; however, to the extent a response is required, Defendants deny these allegations. The remaining allegations in paragraph 2, including in sentences seven and nine, are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny these allegations.

3. Defendants deny the existence of a "Purge Program." Defendants admit that Governor Youngkin issued Executive Order 35 on August 7, 2024. To the extent that paragraph 3 quotes from the executive order and the statutes it references, Defendants state that those sources speak for themselves and deny any allegation inconsistent with the same.

4. Defendants deny the existence of a "Purge Program." To the extent that paragraph 4 cites and quotes Executive Order 35, Defendants state that Executive Order 35 speaks for itself and deny any allegations inconsistent with the same.

5. Defendants deny the existence of a "Purge Program." To the extent that paragraph 5 references Executive Order 35, Defendants admit that the executive order includes the following lines: "*Code of Virginia* § 24.2-1019 additionally requires said registrars to immediately notify the Commonwealth's Attorney for their jurisdiction of this alleged unlawful conduct. Additionally, the Office of the Attorney General has full authority to enforce election laws pursuant to *Code of Virginia* § 24.2-104." Defendants state that Executive Order 35 and the statutes it references speak

for themselves and deny any allegation inconsistent with the same. Defendants admit that some counties have notified the Office of the Attorney General of the referenced persons.

6. Defendants deny the existence of a "Purge Program." Defendants deny the allegations in paragraph 6. Additionally, many of the allegations in paragraph 6 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny these allegations.

7. Defendants acknowledge receiving the letters dated August 20, 2024, and October 3, 2024. Defendants deny the remainder of the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in the first three sentences of paragraph 9. Defendants lack sufficient information to admit or deny the allegations in the final two sentences of paragraph 9; however, to the extent a response is required, Defendants deny these allegations.

10. Defendants state that the quotation from Executive Order 35 speaks for itself and deny the remaining allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 12 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

13. Defendants deny the existence of a "Purge Program." Defendants deny that any such program or Va. Code § 24.2-427(C) harms VACIR, LWVVA, or ACT. Defendants deny the last sentence of paragraph 13. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 13 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

14. Defendants deny the existence of a "Purge Program." The allegations in paragraph 14 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent that a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

15. The allegations in paragraph 15 are Plaintiffs' legal conclusions to which no answer is required.

16. The allegations in paragraph 16 are Plaintiffs' legal conclusions to which no answer is required.

17. Defendants admit that they are elected or appointed officials of Virginia. The remainder of the allegations in paragraph 17 constitute Plaintiffs' legal conclusions to which no answer is required.

18. The bulk of the allegations in paragraph 18 are Plaintiffs' legal conclusions to which no answer is required. Defendants admit that at least one Defendant resides in the Eastern District of Virginia and that they are Virginia residents and engage in their official duties in the Eastern District of Virginia.

## PARTIES

19. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 19 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

20. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 20 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

21. Defendants deny the existence of a "Purge Program" and that any such program has harmed VACIR and its members. Defendants further deny the stated "effects" of Executive Order 35 and any such program alleged in the second sentence of paragraph 21. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 21 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

22. Defendants deny the existence of a "Purge Program." Defendants lack sufficient information to form a belief as to the truth of the factual allegations in the first sentence of paragraph 22 and as to actions the alleged members may have previously taken in the second sentence of paragraph 22 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 22.

23. Defendants deny the existence of a "Purge Program" and the alleged effects of any such program, including that any such program has harmed VACIR's member organizations. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 23 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

24. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 24 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

25. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 25 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

26. Defendants deny the existence of a "Purge Program" and that any such program or Executive Order 35 harms the League and its members or "created" harms, confusion, or misinformation. Defendants further deny that the League was "forced" or "had to" take any action. Defendants deny the last three sentences of paragraph 26. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 26 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

27. Defendants deny the existence of a "Purge Program" and that the League is "burdened" by any such program. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 27 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

28. Defendants deny the existence of a "Purge Program" and that any such program harms the League's mission. Defendants deny that voters were intimidated or unlawfully removed. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 28 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

29. Defendants deny the allegations in paragraph 29, except Defendants lack sufficient information to form a belief as to the truth of the factual allegation in paragraph 29 that the League's membership includes naturalized citizens and neither admit nor deny that allegation; however, to the extent that a response is required to that allegation, Defendants deny the allegation.

30. Defendants deny the allegations in the first sentence of paragraph 30 and the existence of a "Purge Program." Defendants lack sufficient information to form a belief as to the

truth of the remaining factual allegations in paragraph 30 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

31. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 31 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

32. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 32 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

33. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 33 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

34. Defendants deny the existence of a "Purge Program" and that any such program or Executive Order 35 harms ACT or its members. Defendants further deny that ACT "has had" to or been "required" to take any action. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 34 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

35. Defendants admit that Susan Beals is the Virginia Commissioner of Elections and was sued in her official capacity. Defendants deny the existence of a "Purge Program." Defendants state that the quotations from the Virginia Code and Executive Order 35 speak for themselves and deny any allegation inconsistent with the same.

36. Defendants admit that John O'Bannon is the Chairman of the State Board of Elections. Defendants admit that Rosalyn Dance is the Vice-Chairman of the Board. Defendants admit that Georgia Alvis-Long is the Secretary of the Board. Defendants deny that Donald W.

Merricks and Matthew Weinstein are members of the Board of Elections. Defendants admit that they were sued in their official capacities. Defendants state that Plaintiffs' quotations of the Virginia Code speak for themselves and deny any allegation inconsistent with the same.

37. Defendants admit that Jason Miyares is the Attorney General of Virginia and that he was sued in his official capacity. Defendants deny that Attorney General Miyares "endorsed the Purge Program, claiming credit for E.O. 35's original announced purge of 6,303 alleged noncitizens from the voter rolls." Defendants admit that the Office of the Attorney General has been notified of some persons for potential investigation. Defendants state that Plaintiffs' quotation of the Virginia Code speaks for itself and deny any allegation inconsistent with the same.

## FACTUAL ALLEGATIONS

38. Defendants admit that Governor Youngkin issued Executive Order 35 on August 7, 2024. Defendants admit that August 7 is 90 days before November 5. Defendants admit that August 7 was 45 days before early voting started for the 2024 elections. The remainder of the allegations in paragraph 38 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny these allegations.

39. Defendants deny the existence of a "Purge Program." Defendants further state that Executive Order 35 speaks for itself and deny any allegation inconsistent with the same.

40. The bulk of the allegations in paragraph 40 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny these allegations. To the extent that paragraph 40 cites and quotes Executive Order 35, Defendants state that Executive Order 35 speaks for itself and deny any allegations inconsistent with the same.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42. To the extent that Plaintiffs quote from The Voter Registration List Maintenance Department of Motor Vehicles: Full SBE & Noncitizens Standard Operating Procedures, Defendants state that the document speaks for itself and deny any allegations inconsistent with the same.

43. Defendants deny that noncitizens who are improperly placed on the voter rolls are "registrants" or "voters" but otherwise admit the allegations in paragraph 43; however, to the extent that Plaintiffs quote from a Notice of Intent to Cancel, Defendants state that the document speaks for itself and deny any allegations inconsistent with the same.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny that a person who receives a Notice of Intent to Cancel only has 14 days to respond before having his registration cancelled. Defendants otherwise admit the allegations in paragraph 45.

46. To the extent that Plaintiffs quote from a Notice of Intent to Cancel, Defendants state that the document speaks for itself and deny any allegations inconsistent with the same.

47. Defendants deny the existence of a "Purge Program." Defendants further state that Executive Order 35 speaks for itself and deny anything inconsistent with the same.

48. Defendants deny the allegations in paragraph 48.

49. Defendants state that the sources cited and quoted in paragraph 49 speak for themselves and deny any allegations inconsistent with the same.

50. Defendants deny the existence of a "Purge Program." Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 50 and neither admit nor deny them.

51. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 51 and neither admit nor deny them. The statement from a "member of the Fairfax County Electoral Board" speaks for itself and Defendants deny any allegation inconsistent with the same.

52. Defendants admit that Arlington County notified the Attorney General's office of noncitizens on the voter rolls. Defendants lack sufficient information to form a belief as to whether any referrals were made to local Commonwealth's Attorneys and neither admit nor deny that allegation.

53. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 53 and neither admit nor deny them.

54. Defendants state that Mr. Olson's statement speaks for itself and deny any allegation inconsistent with the same.

55. Defendants deny the allegations in paragraph 55.

56. Defendants admit that thousands of persons in Virginia are naturalized every year. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 56 and neither admit nor deny them.

57. Defendants state that the cited source from the Census Bureau speaks for itself and deny any allegation inconsistent with the same.

58. The bulk of the allegations in paragraph 58 are Plaintiffs' legal conclusions to which no answer is required. However, to the extent that an answer is required, Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 58 and neither admit nor deny them.

59. The allegations in paragraph 59 are Plaintiffs' legal conclusions to which no answer is required. However, to the extent that an answer is required, Defendants state that the cited sections of the Code of Virginia speak for themselves and deny any allegations inconsistent with the same.

60. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 60 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

61. Defendants deny the allegations in paragraph 61.

62. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 62 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

63. Defendants admit the allegations in the first sentence of paragraph 63. Defendants deny the remaining allegations in paragraph 63.

64. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 64 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

65. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 65 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

66. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 66 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

67. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 67 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations. Defendants further state that the quote from H.R. Rep. No 103-9 in paragraph 67 speaks for itself.

68. Defendants state that the quote from the National Voter Registration Act in paragraph 68 speaks for itself and deny anything inconsistent with the same.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 73 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

74. Defendants deny the existence of a "Purge Program." Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 74 and neither admit nor deny them; however, to the extent that a response is required, Defendants deny the allegations.

75. Defendants admit VACIR sent a letter on August 20, 2024. Defendants state that the letter referenced in the first sentence of paragraph 75 speaks for itself and deny anything inconsistent with the same. The allegation in the second sentence of paragraph 75 is Plaintiffs' legal conclusion to which no answer is required. To the extent an answer is required, the National Voter Registration Act speaks for itself, and Defendants deny any allegation inconsistent with the

same. Defendants deny that Defendant Beals's production was "limited" but admit the meeting and email communications referenced in the third sentence of paragraph 75.

76. Defendants admit to receiving the letter described in paragraph 76 and that ELECT responded to it on October 7, 2024. Defendants further state that the letter and ELECT's response both speak for themselves.

## CLAIMS

### COUNT ONE

77. Defendants adopt and incorporate by reference their answers to the allegations set forth herein.

78. The allegations in paragraph 78 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the National Voter Registration Act speaks for itself and deny any allegation inconsistent with the same.

79. The allegations in paragraph 79 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the existence of a "Purge Program" and that any such program violates the National Voter Registration Act.

80. The allegations in paragraph 80 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the National Voter Registration Act and Executive Order 35 speak for themselves and deny any allegation inconsistent with the same.

### COUNT TWO

81. Defendants adopt and incorporate by reference their answers to the allegations set forth herein.

82. The allegations in paragraph 82 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the National Voter Registration Act speaks for itself and deny any allegation inconsistent with the same.

83. The allegations in paragraph 83 are Plaintiffs' legal conclusions to which no answer is required; to the extent that an answer is required, Defendants deny the allegations.

84. The allegations in paragraph 84 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the National Voter Registration Act and Executive Order 35 speak for themselves and deny any allegation inconsistent with the same.

**COUNT THREE**

85. Defendants adopt and incorporate by reference their answers to the allegations set forth herein.

86. Defendants do not respond to the allegations under Count III because it has been dismissed. To the extent that any response could be required, Defendants state that the allegations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.

87. Defendants do not respond to the allegations under Count III because it has been dismissed. To the extent that any response could be required, Defendants state that the allegations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.

88. Defendants do not respond to the allegations under Count III because it has been dismissed. To the extent that any response could be required, Defendants state that the allegations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.

89. Defendants do not respond to the allegations under Count III because it has been dismissed. To the extent that any response could be required, Defendants state that the allegations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.

90. Defendants do not respond to the allegations under Count III because it has been dismissed. To the extent that any response could be required, Defendants state that the allegations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.

## COUNT IV

91. Defendants adopt and incorporate by reference their answers to the allegations set forth herein.

92. The allegations in paragraph 92 are Plaintiffs' legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the National Voter Registration Act speaks for itself and deny any allegation inconsistent with the same.

93. The allegations in paragraph 93 are Plaintiffs' legal conclusions to which no answer is required; to the extent that an answer is required, Defendants deny the allegations.

94. The allegations in paragraph 94 are Plaintiffs' legal conclusions to which no answer is required; to the extent that an answer is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

a. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph A of the Prayer for Relief.

b. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph B of the Prayer for Relief.

c. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph C of the Prayer for Relief.

d. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph D of the Prayer for Relief.

e. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph E of the Prayer for Relief.

f. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph F of the Prayer for Relief.

g. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph G of the Prayer for Relief.

h. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph H of the Prayer for Relief.

i. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph I of the Prayer for Relief.

j. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph J of the Prayer for Relief.

k. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph K of the Prayer for Relief.

l. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph L of the Prayer for Relief.

Except as otherwise expressly stated above, Defendants deny each allegation in the Amended Complaint. Defendants also deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

95. Sovereign immunity bars this lawsuit.

### Second Affirmative Defense

96. Plaintiffs lack standing to bring this suit.

### Third Affirmative Defense

97. Plaintiffs' claims are moot.

### Fourth Affirmative Defense

98. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

99. Plaintiffs are not entitled to equitable relief.

Defendants reserve the right to amend their responses in this Answer and to set forth any additional defenses which may come to light or otherwise reveal themselves in the course of litigation, including during discovery and at trial.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice, deny Plaintiffs' Prayer for Relief, and grant any and all other relief deemed just and proper.

Dated: August 26, 2025

Respectfully submitted,

**SUSAN BEALS**, in her official capacity as Virginia Commissioner of Elections; **JOHN O'BANNON**, in his official capacity as Chairman of the State Board of Elections; **ROSALYN R. DANCE**, in her official capacity as Vice-Chairman of the State Board of Elections; **GEORGIA ALVIS-LONG**, in her official capacity as Secretary of the State Board of Elections; **CHRISTOPHER P. STOLLE**, and **J. CHAPMAN PETERSEN**, in their official capacities as members of the State Board of Elections; and **JASON MIYARES**, in his official capacity as Virginia Attorney General

By:     /s/ Thomas J. Sanford
                                        Thomas J. Sanford (VSB #95965)
                                          *Deputy Attorney General*

                                        Jason S. Miyares
Charles J. Cooper *(Pro Hac Vice)*          *Attorney General*
Joseph O. Masterman *(Pro Hac Vice)*    Kevin M. Gallagher (VSB #87548)
Bradley L. Larson *(Pro Hac Vice)*\*        *Solicitor General*
COOPER & KIRK, PLLC                     Graham K. Bryant (VSB #90592)
1523 New Hampshire Avenue, N.W.             *Principal Deputy Solicitor General*
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601                     Office of the Attorney General
ccooper@cooperkirk.com                  202 North Ninth Street
                                        Richmond, Virginia 23219
\*Not a D.C. Bar Member; practice limited to matters    (804) 786-2071 – Telephone
in federal forums.                      (804) 786-1991 – Facsimile
                                        SolicitorGeneral@oag.state.va.us
*Counsel for Defendants Susan Beals, John*    TSanford@oag.state.va.us
*O'Bannon, Rosalyn R. Dance, Georgia Alvis-*
*Long, Christopher P. Stolle, J. Chapman*
*Petersen, and Attorney General Jason*
*Miyares*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on August 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

*/s/ Thomas J. Sanford*
Thomas J. Sanford (VSB #95965)
   *Deputy Attorney General*