**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections, *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-01778<br>Judge Patricia Tolliver Giles |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THEIR INTERLOCUTORY APPEAL**

## INTRODUCTION

Plaintiffs urge this Court to deny in its entirety the Motion to Stay filed by Defendant Miyares and Defendants Beals, O'Bannon, Dance, Alvis-Long, Merricks, and Weinstein ("ELECT Defendants"). While an order denying sovereign immunity is an immediately appealable collateral order, this Court should certify Defendants' appeal as frivolous because it relies on a meritless challenge of the applicability of *Ex parte Young*; retain jurisdiction over all parties and counts; and proceed under the recently entered Scheduling Order, ECF No. 170. In the alternative, if this Court stays proceedings for Defendant Miyares on any counts and/or ELECT Defendants on Count I, Plaintiffs request that this Court deny Defendants' Motion to Stay as it applies to the remaining parties and claims, because the interests of judicial economy do not require a stay; because Defendants would face minimal hardship absence a stay, while Plaintiffs would be substantially prejudiced if a stay were granted; and because Defendants have not made a strong showing that they are likely to succeed on the merits and the public interest weighs against the stay.

## BACKGROUND

On October 7, 2024, Plaintiffs filed their complaint challenging Defendants' administration of an ongoing program to remove certain Virginia voters from the rolls (the "Purge Program") and their refusal to provide information regarding the program. *See* Am. Compl. ECF No. 23. Plaintiffs allege that Defendants' administration of the Purge Program violates several provisions of the National Voter Registration Act ("NVRA"), including provisions governing voter list maintenance and the public disclosure of related records. Am. Compl. ¶¶ 77-94, ECF No. 23.

On October 15, 2024, Plaintiffs moved for a preliminary injunction. ECF No. 26. After a hearing, this Court enjoined Defendants from "continuing any systemic program intended to remove the names of ineligible voters from registration lists less than 90 days before the November 5, 2024, federal General Election," ECF No. 112 at 2, and the Fourth Circuit denied stay pending appeal. *See Virginia Coalition for Immigrant Rights v. Beals*, No. 24-2071, 2024 WL 4601052 (Oct. 27, 2024). On October 30, 2024, the Supreme Court granted Defendants' motion for stay. *Virginia Coalition for Immigrant Rights v. Beals*, 603 U.S. __, 2024 WL 4608863 (slip op. at 1) (2024) (mem.).

On November 21, 2024, Defendants moved to dismiss the Amended Complaint on jurisdictional grounds. ECF No. 121. Defendants argued that the claims against Defendants were generally barred by sovereign immunity and, specifically, that Attorney General Miyares is not a proper party to this action under *Ex parte Young*. ECF No. 122 at 19–22. On August 12, 2025, this Court entered an opinion granting the motion to dismiss in part and denying it in part. ECF Nos. 153, 154. This Court rejected each of Defendants' sovereign immunity arguments as to the Attorney General and the remaining Defendants. ECF No. 153 at 7–19.

The Parties held a Rule 26(f) conference on September 8, 2025, during which Defendants notified Plaintiffs that they were considering an appeal on sovereign-immunity grounds. On September 11, 2025, Defendants noticed an interlocutory sovereign-immunity appeal for the Attorney General on all Counts and an interlocutory sovereign-immunity appeal for the remaining Defendants as it relates to the removal of voters during the 90-Day or Quiet Period Provision prescribed by the NVRA. ECF No. 165. On September 12, 2025, Defendants filed a motion to stay proceedings pending the resolution of their interlocutory appeal. ECF No. 166.

**LEGAL STANDARD**

An order denying sovereign immunity is an immediately appealable collateral order and, "[g]enerally, the filing of a notice of appeal divests the district court of all jurisdiction in a case." *Mgmt. Sci. Am. Inc. v. McMuya*, 956 F.2d 1162 (4th Cir. 1992). However, "this rule does not apply where the district court has certified the appeal to be frivolous." *Id.*; *see also, e.g.*, *France.com, Inc. v. French Republic*, No. 1:18-cv-460, 2020 WL 8172981, at *4 n.2 (E.D. Va. Feb. 20, 2020) (quoting *Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993), *aff'd*, 32 F.3d 77 (4th Cir. 1994)) (noting that the court was "cognizant" that even where "interlocutory appeal divests this Court of jurisdiction over the remaining matters[,] [t]his does not leave district courts at the mercy of defendants who file frivolous interlocutory appeals for tactical reasons"). The Supreme Court has acknowledged that the practice of certifying appeals as frivolous "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310-311 (1996); *see also U.S. v. Modanlo*, 762 F.3d 403, 411 (4th Cir. 2014) (discussing whether an interlocutory or collateral order was "properly taken" or frivolous). The Fourth Circuit has indicated, in analogous contexts, that an interlocutory appeal is frivolous when it is meritless

and/or substantively inappropriate. *See, e.g.*, *Glob. Innovative Concepts, LLC v. Div. of Emergency Mgmt.*, No. 5:23-CV-69-FL, 2023 WL 8099111, at *2 (E.D.N.C. Nov. 21, 2023) (interpreting the Fourth Circuit's standard to require that the appeal be *either* meritless *or* substantively inappropriate, and providing a similar standard used across other jurisdictions); *Eckert Int'l, Inc.*, 834 F. Supp. at 174, *aff'd*, 32 F.3d 77 (4th Cir. 1994) (interpreting the Fourth Circuit's guidance to require both).

This Court has discretion to grant or deny a motion to stay for the claims not subject to interlocutory appeal on the denial of sovereign immunity. *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 529 (E.D. Va. 2018). In determining whether to stay an order pending appeal, this Court typically considers at least three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." *Simpson v. LLAB Trucking, Inc.*, No. 1:21-cv-00333, 2022 WL 2614876, at *1 (E.D. Va. Jan. 26, 2022). "In the event that there is a 'fair possibility' that granting a stay would 'work damage to someone else,' the moving party must 'make out a clear case of hardship or inequity in being required to go forward.'" *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Some courts also consider whether the movant has made a "strong showing that [he] is likely to succeed on the merits" and where "the public interest" lies. *See, e.g.*, *Courtemanche v. Motorola Sols., Inc.*, 783 F. Supp. 3d 527, 531-34 (D. Mass. 2025) (citing and assessing the four factors from *Nken v. Holder*, 556 U.S. 418, 434 (2009), when considering stay of proceedings pending Eleventh Amendment immunity appeal); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746-47 (2023) (discussing "the usual four-factor standard for a discretionary stay" and "the ordinary discretionary stay factors" in the context of assessing whether to create an automatic, rather than just discretionary, stay of proceedings).

## ARGUMENT

**I. This Court retains jurisdiction over all claims, because Defendants' interlocutory appeal is frivolous.**

The interlocutory appeal noticed by Defendants does not divest this Court of jurisdiction, because their claims of sovereign immunity are frivolous.[1] The standard for frivolity is exacting, but it is met here. As explained below, *Ex parte Young* plainly renders Defendants' claims of sovereign immunity meritless, and in contesting that determination, Defendants attempt to mask factual arguments as legal ones. Under *Ex parte Young*, "official-capacity suits seeking prospective relief for federal-law violations do not implicate sovereign immunity." *Jackson Creek Marine, LLC v. Maryland*, No. 24-1788, 2025 WL 2525855, at *7 (4th Cir. Sep. 3, 2025). "Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny render the Amendment wholly inapplicable to a certain class of suits." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

An assessment under *Ex parte Young* is not complicated: In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). This Court conducted such a straightforward inquiry and easily found the claims against both Defendant Miyares and the ELECT Defendants are properly

[1] Defendants are incorrect in their claim that *Coinbase, Inc. v. Bielski* requires that this Court "must" stay proceedings while the interlocutory appeal is ongoing. ECF No. 166 at 4. In *Coinbase*, "[t]he sole question" was "whether a district court must stay its proceedings while the interlocutory appeal *on arbitrability* is ongoing." *Coinbase*, 599 U.S. at 740 (emphasis added). The Supreme Court found that a stay of proceedings would be necessary in that circumstance "because the question on appeal is whether the case belongs in arbitration or instead in the district court" and therefore "the entire case is essentially 'involved in the appeal.'" *Id*. at 741.

characterized as prospective, rendering the Eleventh Amendment wholly inapplicable and Defendants' claims of sovereign immunity frivolous. *See* ECF No. 153 at 15-17; *see also League of Women Voters of Ohio v. Blackwell*, 432 F. Supp. 2d 742, 743-45 (N.D. Ohio 2006) (finding *Ex parte Young* sovereign immunity defense to be frivolous, and denying motion to stay pending interlocutory appeal); *see also Courtemanche*, 783 F. Supp. 3d at 532-33 (denying motion to stay pending interlocutory appeal on *Ex parte Young* after identifying that "the underlying issue in dispute is whether Plaintiffs sufficiently alleged the existence of valid prospective injunctive relief" and rejecting the movant's reliance on "cases involving qualified immunity, not sovereign immunity, to argue that it should be shielded from discovery"). Defendants' claim to the contrary is not only incorrect; it is obviously so, because it simply ignores portions of the complaint that seek prospective relief.

Defendants' reliance on *Glover v. Hryniewich*, 438 F. Supp. 3d 625 (E.D. Va. 2020), is misplaced. The *Glover* Court found that it lacked jurisdiction to proceed to trial during the pendency of an interlocutory appeal regarding *whether a municipality was an arm of the state*. *Id*. at 644-45. There was no claim in that case that *Ex parte Young* rendered Eleventh Amendment immunity inapplicable.[2]

The *Glover* Court also specifically noted that the interlocutory appeal in that matter was based solely on the application of the law to *undisputed facts*. 438 F. Supp. 3d at 645 n.14. Not so here, where Defendants' interlocutory appeal hinges on a factual disagreement regarding the nature of the challenged Purge Program and the relief sought by Plaintiffs. ECF No. 166 at 3. To the extent Defendants' arguments regarding immunity rest on facts that "are yet subject to genuine

[2] The same is, of course, true for the stay pending appeal for the assertion of foreign sovereign immunity in *France.com, Inc.*, 2020 WL 8172981, at *4.

dispute," this raises a question as to whether, "[b]ecause the court[' s] immunity rulings below turn on genuineness, [the Fourth Circuit] lack[s] jurisdiction to consider them on an interlocutory appeal." *Al Shimari v. CACI Intern., Inc.*, 679 F.3d 205, 223 (4th Cir. 2012); *see also Behrens*, 516 U.S. at 311 (1996). The more likely implication, however, is that Defendants' interlocutory appeal improperly attempts to mask factual arguments—irrelevant at the Motion to Dismiss stage— as legal ones, further underscoring the frivolity of their appeal.

Defendants conflate the claims of sovereign immunity being raised by Defendant Miyares and the ELECT Defendants in the interlocutory appeal. The Court should decline to follow suit and instead consider Defendant Miyares' claim and ELECT Defendants' claim individually as it has before. Both claims are frivolous for the reasons stated above, *i.e.* that *Ex parte Young* renders the Eleventh Amendment wholly inapplicable when, as here, Plaintiffs seek relief against what they allege to be an ongoing violation of federal law. This conclusively establishes the frivolity of the ELECT Defendants' claim of sovereign immunity. Defendant Miyares' argument continues that *Ex parte Young* does not apply to him because he claims that he has no "special relation" to the challenged process. *See* ECF No. 122 at 19. But this argument, too, is meritless and substantively inappropriate, because, as this Court recognized, "the Attorney General *unambiguously* has the authority to enforce the law or practice Plaintiffs challenge." ECF No. 153 at 18 (emphasis added); ECF No. 127 at 17-18. The lack of merit in Defendants' claim is once again highlighted by their blindered disregard of Plaintiffs' complaint, including that "Plaintiffs seek to prevent *the Attorney General* from conducting investigations based off the referrals from the Purge Program and by extension civil actions against those referred." ECF No. 153 at 19

(emphasis added) (*citing* ECF No. 23 at 31-32 ¶¶ (c), (h), (i), (l)). Defendant Miyares' claim of sovereign immunity is, therefore, also frivolous.[3]

## II. This Court should not grant a stay for the claims over which Defendants have not raised a sovereign immunity defense.

Regardless of whether the Court is divested of jurisdiction for the claims that are the subject of Defendants' interlocutory appeal, Defendants have not met their burden to justify a stay of proceedings for the remaining claims.

*First,* the interests of judicial economy do not require a stay. If this Court issues a stay of proceedings for the claims against Defendant Miyares alone, judicial economy would not be served by a stay of proceedings for the claims against the ELECT Defendants. As this Court found, Defendant Miyares is a proper party because he has "the requisite enforcement authority" to be subject to suit under *Ex parte Young*. ECF No. 153 at 19. However, Defendant Miyares claims that he "does not play a role in enforcement of the challenged provisions or the relevant Executive Order." ECF No. 166 at 3. If Defendant Miyares is correct that his office has not yet exercised its enforcement authority under the Purge Program, discovery of the Attorney General should be limited. Staggered discovery, therefore, would not waste judicial resources.

Nor would judicial economy be served by staying proceedings on Counts II and IV, even if this Court issues a stay of proceedings against the ELECT Defendants on Count I. While they arise from the same Purge Program, Counts I and II vary in their elements, and discovery regarding the two claims will not be entirely duplicative. Furthermore, discovery regarding Count IV is likely to be very distinct from discovery regarding Count I, as it relates to the documents that have or

[3] To the extent this Court finds that Defendant Miyares' claim is not meritless and/or substantively inappropriate because of this additional element, that has no effect on ELECT Defendants' claim of sovereign immunity.

have not been provided in response to Plaintiffs' NVRA requests, rather than about the Purge Program itself. This Court has already issued a Scheduling Order as outlined *infra*. Judicial economy, therefore, will be served by ensuring discovery commences, to the greatest extent possible, and that it is carried out in keeping with the Court's Scheduling Order. Permitting discovery on Counts II and IV, therefore, would respect judicial economy.[4]

*Second*, Defendants face minimal hardship absent a stay. "The State and the public have no legitimate interest in the operation of a state law that is likely preempted by federal law." *Ass'n of Am. Publishers, Inc. v. Frosh*, 586 F. Supp. 3d 379, 397 (D. Md. 2022). And while Plaintiffs acknowledge the important role of election officials, Defendant Miyares and ELECT Defendants are not exempt from the requirements of litigation, nor would commencing discovery prevent them from doing their duties.

*Third*, in contrast, there is more than just a "fair possibility" that Plaintiffs, their members, and other eligible voters would be prejudiced if a stay were granted. *Simpson*, 2022 WL 2614876, at *1. The Court's recently issued Scheduling Order, ECF No. 170, orders that discovery be completed by February 13, 2026, with trial to be set within 4-8 weeks of February 18, 2026. The next federal election will take place on June 16, 2026, with absentee voting in person available beginning May 2, 2026, and the NVRA Quiet Period beginning on March 18, 2026. With the first of these election events less than six months away, strict adherence to the Court's ordered schedule

[4] Defendants also claim that conducting discovery will "risk wasting judicial resources because there is an impending gubernatorial election in Virginia" and that there is the possibility that EO 35, which makes up part of the Purge Program, "may be altered, amended, revised, expanded, or otherwise modified." ECF No. 166 at 7. It is always true that changes in the executive or legislative branches may result in changes to policies and law. The mere possibility, however, that *something* just *might* change does not transform the judicial branch into nothing more than a waiting room, where rights are violated without recourse in the lead-up to each election, in the name of "judicial efficiency."

will be necessary to give Plaintiffs an opportunity to have a remedy before the next federal election. Failure to receive such a remedy risks irreparable injury to Virginian voters' rights. In particular, allowing discovery to proceed on Count II, even if proceedings are stayed pending appeal for Count I, will help ensure this Court has a full record before it to assess the nonuniformity and discriminatory impact of the Purge Program.

*Fourth*, Defendants have not, and indeed cannot, make a strong showing that they are likely to succeed on the merits.[5] At the preliminary injunction stage, this Court "ruled that Plaintiffs have demonstrated a high likelihood of success on the merits as to" Count I. ECF No. 153 at 22. And this Court found that Plaintiffs had sufficiently stated claims for Counts I, II, and IV in its Order on Defendants' Motion to Dismiss, ECF No. 153.

*Finally*, a stay would not be in the public interest. The NVRA reflects the view of Congress that the right to vote "is a fundamental right," that government has a duty to "promote the exercise of that right," and that discriminatory and unfair registration laws can have a "[direct] and damaging effect on voter participation" and "disproportionately harm voter participation by various groups, including racial minorities." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334 (4th Cir. 2012); 52 U.S.C. § 20501(a). Because of the fundamental interests at stake, the continuing nonuniform and discriminatory operation of the Purge Program, and the rapid approach of the next federal election, the public interest weighs in favor of allowing discovery and Plaintiffs' claims to move forward to the greatest extent possible.

[5] To the extent the Court is assessing the sovereign immunity defense for Defendant Miyares on all counts or the ELECT Defendants on Count I, Defendants have not made any showing, let alone a strong one, that this Court erred in finding that plaintiffs have sufficiently alleged an ongoing violation of federal law and sought prospective relief against the appropriate parties such that *Ex parte Young* has been satisfied.

Defendants have accordingly failed to meet their burden for this Court to exercise its discretion to stay proceedings against ELECT Defendants on Counts II and IV.[6]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay should be denied in its entirety; Plaintiffs respectfully request that this Court certify Defendants' interlocutory appeal as frivolous and retain jurisdiction over all Defendants on all counts. In the alternative, if this Court stays proceedings for Defendant Miyares on all counts and/or ELECT Defendants on Count I, Plaintiffs request that this Court deny Defendants' Motion to Stay as it applies to the remaining parties and claims, because Defendants have failed to make the strong showing required for this Court to exercise its discretion to issue a stay.

Date: September 26, 2025

Respectfully submitted,

/s/ Shanna Ports
Shanna Ports (VSB No. 86094)
Danielle Lang*
Brent Ferguson*
Simone Leeper*
Katherine Hamilton*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sports@campaignlegalcenter.org
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sleeper@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

Ryan Snow*
Javon Davis*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, DC 20005
(202) 662-8600
rsnow@lawyerscommittee.org
jdavis@lawyerscommittee.org

---

[6] For the same reasons, if this Court certifies either Defendant Miyares' appeal or the ELECT Defendants' appeal as frivolous, Defendants have not met the burden for this Court to exercise its discretion to stay proceedings against ELECT Defendants on Count I or against Defendant Miyares on any count.

Orion Danjuma*
John Paredes*
THE PROTECT DEMOCRACY PROJECT, INC.
82 Nassau Street, # 601
New York, NY 10038
Telephone: (202) 579-4582
orion.danjuma@protectdemocracy.org
john.paredes@protectdemocracy.org

Benjamin L. Berwick*
Anna Dorman*
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

John Powers*
Hani Mirza*
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850
Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org

*Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, and African Communities Together*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2025, I electronically filed the above document with the Clerk of Court using the ECF system, which will provide electronic copies to all counsel of record regarding this matter.

/s/ Shanna Ports
Shanna Ports

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum conforms to the typeface and page limitations set out in Local Civil Rule 7(F)(3).

/s/ Shanna Ports
Shanna Ports