IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS; LEAGUE OF WOMEN VOTERS OF VIRGINIA; AFRICAN COMMUNITIES TOGETHER, <br><br> *Plaintiffs*, <br><br> v. <br><br> SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections; ROSALYN R. DANCE, in her official capacity as Vice-Chairman of the State Board of Elections; GEORGIA ALVIS-LONG, in her official capacity as Secretary of the State Board of Elections; CHRISOPHER P. STOLLE and J. CHAPMAN PETERSEN, in their official capacities as members of the State Board of Elections; and JASON MIYARES, in his official capacity as Virginia Attorney General, <br><br> *Defendants*. | Case No. 1:24-cv-01778 <br> Judge Patricia Tolliver Giles |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT AND
ADD PARTY PLAINTIFFS**

Pursuant to Local Rule 7, Plaintiffs respectfully submit this brief in support of their Motion for Leave to File Second Amended Complaint and Add Party Plaintiffs. The proposed Second Amended Complaint, appended as Exhibit A, adds two individual plaintiffs, identifies specific impacted members of plaintiff organizations, and adds factual allegations about those individuals and members. Additionally, the Second Amended Complaint includes additional information on

1

organizational plaintiffs' activities since the First Amended Complaint was filed, as well as a summary of the information that Defendants have—and have not—provided since this Court's Order granting expedited discovery on October 21, 2024. ECF No. 72. The proposed Second Amended Complaint does not join additional defendants, add additional claims, or otherwise alter Plaintiffs' allegations about the Purge Program.

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend a complaint] when justice so requires." In applying that rule, the Fourth Circuit has "often described [its] policy as one to 'liberally allow amendment.'" *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (citing *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). That policy "furthers a wider federal policy of—when possible—resolving cases on the merits, instead of on technicalities." *MedCom Carolinas, Inc.*, 42 F.4th at 197. Accordingly, the Fourth Circuit has identified only three "justifications for denying leave to amend: prejudice to the opposing party, bad faith, or where the amendment would be futile." *Id.*; *see Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). None apply here.

*First*, Defendants will not be prejudiced. Prejudice is best measured by "the time remaining between the amendment and a resolution of the case on the merits." *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 61-62 (E.D. Va. 2016), *aff'd*, 866 F.3d 199 (4th Cir. 2017). While the 2024 General Election—and the nature of Defendants' last-minute Purge Program—necessitated the resolution of preliminary injunction and expedited discovery motions in October of last year, this case remains in its early stages. Discovery has just begun, and Defendants' Motion to Dismiss has recently been resolved, ECF No. 153. This matter "remains far from mature in terms of resolution." *United States ex rel. Carter*, 315 F.R.D. at 62.

Additionally, the proposed amendments do not impact the factual or legal conclusions of this Court's Opinion denying in part and granting in part Defendants' Motion to Dismiss, and there is no reason they should delay discovery. The primary changes involve adding individual plaintiffs, naming organizational members, and providing information about the same. Those allegations bolster, not undermine, this Court's conclusions, *see generally* ECF No. 153 at 7-15, and Defendants themselves have called for Plaintiffs to name members of organizational plaintiffs at risk of harm under the program. *See, e.g.*, ECF No. 119 at 13:16-24; ECF No. 122 at 12-13; ECF No. 131 at 2-3. The remaining changes provide additional factual information about the Purge Program. In short, Defendants will not be prejudiced by these amendments, and they should not necessitate the resolution of another motion to dismiss or delay discovery, which is in its early stages. The amendments would, however, aid this Court in adjudicating the merits of the case at summary judgment and/or at trial.

*Second*, Plaintiffs have not acted in bad faith. Since the Purge Program was announced, Plaintiffs and their counsel have worked expeditiously to gather facts about the Purge Program and to identify affected individuals. Those efforts have occurred against the backdrop of impacted voters being referred to the Attorney General for prosecution, ECF No. 26-4 at 4, and the risk of "doxxing, harassment, intimidation, or other adverse ramifications" from public disclosure, ECF No. 26-25 (Traore Decl.) ¶ 11; *see* ECF No. 127 at 11-12.

*Third*, amendment will not be futile. The Second Amended Complaint would further strengthen Plaintiffs' ability to demonstrate how the Purge Program operates and the harms that have resulted and continue to result from the Program. Adding individual plaintiffs will also ensure that those individuals can secure relief from the harms they have experienced and continue to face as a result of the program.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion.

Date: October 1, 2025

Respectfully submitted,

/s/ Shanna Ports

| | |
|---|---|
| Ryan Snow* | Shanna Ports (VSB No. 86094) |
| Javon Davis* | Danielle Lang* |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW | Brent Ferguson* |
| | Simone Leeper* |
| 1500 K Street, NW, Ste. 900 | Katherine Hamilton* |
| Washington, DC 20005 | CAMPAIGN LEGAL CENTER |
| (202) 662-8600 | 1101 14th Street NW, Suite 400 |
| rsnow@lawyerscommittee.org | Washington, DC 20005 |
| jdavis@lawyerscommittee.org | Tel: (202) 736-2200 |
| | Fax: (202) 736-2222 |
| Orion Danjuma* | sports@campaignlegalcenter.org |
| John Paredes* | dlang@campaignlegalcenter.org |
| THE PROTECT DEMOCRACY PROJECT, INC. | bferguson@campaignlegalcenter.org |
| 82 Nassau Street, # 601 | sleeper@campaignlegalcenter.org |
| New York, NY 10038 | khamilton@campaignlegalcenter.org |
| Telephone: (202) 579-4582 | |
| orion.danjuma@protectdemocracy.org | John Powers* |
| john.paredes@protectdemocracy.org | Hani Mirza* |
| | ADVANCEMENT PROJECT |
| Benjamin L. Berwick* | 1220 L Street Northwest, Suite 850 |
| Anna Dorman* | Washington, D.C. 20005 |
| The Protect Democracy Project, Inc. | (202) 728-9557 |
| 15 Main Street, Suite 312 | jpowers@advancementproject.org |
| Watertown, MA 02472 | hmirza@advancementproject.org |
| (202) 579-4582 | |
| ben.berwick@protectdemocracy.org | *Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, African Communities Together, Rina Shaw, and Genet Shiferaw* |
| anna.dorman@protectdemocracy.org | |
| | *Admitted pro hac vice |

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will provide electronic copies to any counsel of record.

/s/ Shanna Ports
Shanna Ports
