IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Virginia Coalition for Immigrant Rights, et al.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Civil Action No. 1:24-cv-01778 |
| **Susan Beals, in her official capacity as Virginia Commissioner of Elections, et al.,** ) ) ) ) | |
| **Defendants.** ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

After a full year of litigation and while an appeal divesting this Court of jurisdiction over wide swaths of this case is pending, Plaintiffs have moved for leave to amend their complaint a second time to add two new parties and supplement their allegations in an attempt to support standing and their *Ex parte Young* argument. See ECF No. 172 (the "Motion"). These amendments are based on information that Plaintiffs have possessed since at least March of this year and perhaps much earlier. Instead of filing their motion for leave to amend when they acquired the relevant information, they waited until the Court ruled on Defendants' motion to dismiss, the parties held a Rule 26(f) conference, Defendants took an interlocutory appeal on sovereign-immunity grounds, and the Court entered a scheduling order in which discovery closed in less than five months.

Because of Plaintiffs' decision to file their motion after Defendants noticed their sovereign-immunity appeal, this Court does not currently have jurisdiction to grant the Motion. And even if it did, granting the Motion would prejudice Defendants and waste this Court's resources. If Plaintiffs are allowed to amend, Defendants will be forced to file another motion to dismiss and,

1

if that motion is denied, file another interlocutory appeal and seek again to stay proceedings pending resolution of that appeal. To avoid letting Plaintiffs' deliberate delay prejudice Defendants, this Court should deny the motion for leave to amend. In the alternative, if this Court allows the amendment, it should grant Defendants' motion to stay the proceedings pending their interlocutory sovereign-immunity appeal, ECF No. 166, or at least stay the discovery period until Defendants' second motion to dismiss is decided.

## BACKGROUND

One year ago, Plaintiffs filed this lawsuit to challenge Virginia's removal of noncitizens from the voter rolls and alleged refusal to provide information about such removals. See Compl., ECF No. 1. Eight days later, Plaintiffs filed an Amended Complaint as of right, adding one party and additional factual allegations. See Amended Compl., ECF No. 23. Plaintiffs filed a motion for a preliminary injunction, ECF No. 26, and this Court granted Plaintiffs expedited discovery to support their motion for a preliminary injunction, ECF No. 72. The Court granted the preliminary injunction on Count I of the Amended Complaint, ECF. No. 112, and the Fourth Circuit denied a stay pending appeal, see *Virginia Coalition for Immigrant Rights v. Beals*, No. 24-2071, 2024 WL 4601052 (4th Cir. Oct. 27, 2024). But the Supreme Court granted a materially identical motion and stayed the injunction. *Virginia Coalition for Immigrant Rights v. Beals*, 603 U.S. __, 2024 WL 4608863 (slip op. at 1) (2024) (mem.).

In November of last year, Defendants moved to dismiss the Amended Complaint both on threshold jurisdictional grounds—including standing and sovereign immunity—and for failure to state a claim. ECF No. 121. On August 12, 2025, the Court issued an opinion granting the motion to dismiss in part and denying it in part. ECF Nos. 153, 154. In the opinion, the Court rejected Defendants' threshold arguments. ECF No. 153 at 7–19. Most relevantly, the Court rejected

2

Defendants' arguments that sovereign immunity shielded (a) all Defendants as to Count I because Plaintiffs had not sufficiently alleged an ongoing violation of federal law and (b) the Attorney General as to all Counts because he bears no "special relation" to the challenged law. See *id.* at 15–19. On the merits, the Court dismissed Count III, allowing the other three Counts to survive. *Id.* at 19–32. The parties held a Rule 26(f) discovery conference on September 8, 2025. See ECF No. 169. At no point during the conference did Plaintiffs indicate a desire to amend their complaint. Defendants, however, notified Plaintiffs that they were considering an interlocutory appeal based on the Court's rejection of the Attorney General's sovereign immunity on all Counts and the Board of Elections Defendants' sovereign immunity on Count I. See ECF No. 171, at 3 (Plaintiffs acknowledging that "Defendants notified Plaintiffs that they were considering an appeal on sovereign-immunity grounds" during the Rule 26(f) conference).

Defendants noticed their interlocutory appeal on September 11, 2025, ECF No. 165, and moved for a stay of the proceedings in this Court the next day, ECF No. 166. Both the appeal and the stay motion are pending. On September 24, 2025, this Court entered a scheduling order that sets a pretrial conference for October 29, 2025, and requires discovery to be completed by February 13, 2026. ECF No. 170. A trial will be scheduled between four and eight weeks later. *Ibid.*

## LEGAL STANDARD

Although "a court 'should freely give leave' to amend 'when justice so requires,'" "there are, of course, circumstances that justify denying a plaintiff the opportunity to try again." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (quoting Fed. R. Civ. P. 15(a)(2)). The Fourth Circuit has "laid out three such justifications for denying leave to amend." *Ibid.* One of those justifications for denying leave to amend is when allowing the

3

amendment would bring "prejudice to the opposing party." *Ibid.* Moreover, to grant a motion for leave to amend, the Court must have jurisdiction over that motion.

## ARGUMENT

I. **This Court lacks jurisdiction to grant Plaintiffs' motion for leave to amend their complaint**

"[A] timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on *any* matters involved in the appeal." *Company Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (emphasis added); see also *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Federal Rules of Civil Procedure contain no exception for motions for leave to amend the complaint. Cf. Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."). Thus, a Fourth Circuit panel has explained that a plaintiff cannot even *voluntarily dismiss* his suit in the district court after a notice of appeal has been filed. *D.C. v. Trump*, 930 F.3d 209, 214 (4th Cir. 2019), vacated on other grounds, 959 F.3d 126 (4th Cir. 2020) (en banc).

This case is admittedly more complicated because the notice of appeal has automatically divested the Court of jurisdiction over only part of the case. See *Griggs*, 459 U.S. at 58 (notice of appeal divests district court of its control "over those aspects of the case involved in the appeal"). When confronted with a motion to amend a complaint while an interlocutory appeal is pending with respect to only part of the case, district courts in the Fourth Circuit have asked whether the

4

proposed amendment "bear[s]" a "meaningful relation to 'any matters involved in the appeal[.]'" *Kadel v. Folwell*, No. 1:19cv272, 2021 WL 848203, at *5 (M.D.N.C. Mar. 5, 2021) (quoting *Company Doe*, 749 F.3d at 258). If so, the "district court does not have the power to 'alter the status of the case'" until the appeal is decided. *Ibid.* (quoting *Dayton Indep. Sch. Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)); see also *May v. Sheahan*, 226 F.3d 876, 881 (7th Cir. 2000) (explaining that "[an interlocutory qualified immunity] appeal deprives a district court of jurisdiction to accept an amended complaint filed while the appeal is pending" thereby rendering "amended complaints" filed during a pending appeal "nullities"); *Wooten v. Roach*, 964 F.3d 395, 404 (5th Cir. 2020) ("By accepting an amended pleading that altered the status of the appeal, the district court wrongfully asserted jurisdiction over aspects of the case involved in this appeal." (cleaned up)).

Plaintiffs' proposed amendments clearly pertain to the appealed parts of this case. Most notably, they seek to add two new individual plaintiffs who purport to bring the same four claims against the same set of Defendants. ECF No. 172 Ex. A ¶¶ 37–41. Whether these individuals can sue the Attorney General under any theory in the complaint or the ELECT Defendants on an *Ex parte Young* theory outside of the Quiet Period will require asking the same questions that are currently before the Fourth Circuit. Further, the proposed Second Amended Complaint would add allegations about two members of the Plaintiff Organizations, identified only by their initials, who fear they may be harmed by Defendants in the future, *id.* ¶¶ 21, 25, as well as allegations about the intent of Defendants to continue enforcing the Virginia law that requires noncitizens to be removed from the voter rolls, *id.* ¶¶ 6, 7, 13, 45, 55, 89. These allegations bear a meaningful relationship to the appeal because one reason that all Defendants are immune from suit is that Plaintiffs have not adequately alleged an "ongoing" violation of law required to succeed under *Ex parte Young*. *Bland*

5

*v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013). In sum, whether Plaintiffs can point to individuals who are suffering harm from a currently unlawful act and the nature of Defendants' intent concerning future enforcement "bear[s]" a "meaningful relation to . . . 'matters involved in the appeal[.]'" *Kadel*, 2021 WL 848203, at *5 (quoting *Company Doe*, 749 F.3d at 258). This Court thus lacks jurisdiction to grant Plaintiffs' motion for leave to amend.

## II. Defendants would be prejudiced if the Court grants Plaintiffs' motion for leave to amend their complaint

Even if this Court had jurisdiction to consider the motion for leave to amend the complaint, it should still deny the Motion. Although Federal Rule of Civil Procedure 15 states that leave to amend should be freely granted when justice requires, the Fourth Circuit has made clear that leave to amend will be denied if the amendment would cause "prejudice to the opposing party."[1] *MedCom Carolinas, Inc.*, 42 F.4th at 197; *see Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Unfair prejudice can take many forms, and the likelihood of undue prejudice increases the closer the amendment is to the prospective trial and the further along the parties are in the litigation. See *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 61–62 (E.D. Va. 2016), aff'd, 866 F.3d 199 (4th Cir. 2017).

Given the present posture of this case, Defendants would be unfairly prejudiced if this Court granted the motion for leave to amend the complaint without staying discovery or at least altering pretrial deadlines. As of today, discovery is set to close on February 13, 2026, with a trial four to eight weeks later. ECF No. 170. Forcing Defendants to file, brief, and argue a new motion

---

[1] The Fourth Circuit has also directed that district courts may deny motions for leave to amend that are made in bad faith or are futile. *MedCom Carolinas, Inc.*, 42 F.4th at 197. By concentrating only on jurisdiction and prejudice in this opposition, Defendants do not waive the right to move to dismiss the proposed Second Amended Complaint if leave to amend is granted. See Fed. R. Civ. P. 12(h).

to dismiss during this already truncated discovery period would constitute an undue burden, especially with an election ongoing that will conclude in less than a month and a new governor assuming office in January. See, *e.g.*, *May*, 226 F.3d at 880 (explaining that "allowing a plaintiff to file an amended complaint while a [qualified immunity] appeal is pending does place a litigation burden on a defendant public official. In response to each amended complaint, the public official will likely want to file an answer and a motion to dismiss, and possibly appeal any unfavorable decision. Having to take these steps compromises a defendant public official's right to avoid the burdens of litigation."). Indeed, Plaintiffs have acknowledged "the important role of election officials," ECF No. 171 at 9, but otherwise ignore the fact that they seek to burden those very officials during the most important part of the election cycle.

Plaintiffs' belated attempt to amend their complaint would prejudice not only Defendants, but also this Court and the Fourth Circuit by needlessly complicating the pending sovereign-immunity appeal. For example, if this Court acts (without jurisdiction) to allow the amendment of the complaint, the Fourth Circuit will be forced to determine whether the appeal before it is now moot due to this Court's action. The answer to that question is not clear cut. See *Ohio River Valley Environmental Coalition, Inc. v. Timmermeyer*, 66 Fed. Appx. 468, 472 n.4 (4th. Cir. 2003) (per curiam) (observing that an interlocutory appeal may not be moot if the amendments do not change the underlying basis of the appeal); *Swagler v. Neighoff*, 398 Fed. Appx. 872, 879 n.4 (4th Cir. 2010) (per curiam) (holding that the filing of an amended complaint mooted some parts of the appeal but not others). Given this complexity (and the additional issues that the Plaintiffs' proposed amendments introduce into their complaint), Defendants would have to move to dismiss the proposed Second Amended Complaint, which, if denied, would likely result in their filing a second interlocutory sovereign-immunity appeal.

Granting Plaintiffs' motion for leave to amend would also needlessly complicate the discovery process in this Court. Plaintiffs cannot currently take discovery against the Attorney General on any Count and against the ELECT Defendants on Count I because the notice of appeal divested this Court of jurisdiction over those parts of the case. See *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). If this Court grants leave to file the proposed Second Amended Complaint, the two new individual plaintiffs—who are not parties to the pending interlocutory appeal—may well attempt to take discovery with respect to the Attorney General or Count I, which would trigger discovery motions and perhaps additional interlocutory appeals or other requests for appellate relief, even further complicating the procedural posture of this case. And Defendants will need to take discovery on two new plaintiffs who have been added to the case weeks into a less-than-five-month discovery period.

The prejudice to Defendants and waste of the federal courts' resources are solely the fault of Plaintiffs. As their proposed Second Amended Complaint admits, Plaintiffs possessed this information over six months ago. For example, Plaintiffs must have known about the two individuals that they seek to add as plaintiffs back in March because those two individuals apparently sent "through counsel" a "Notice of Violation of National Voter Registration Act and Demand for Remediation and Documents" to the Virginia Secretary of State "on March 21, 2025." ECF 172 Ex. A ¶ 90 n.20. Other facts they seek to add were known to Plaintiffs around a year ago. For instance, they seek to add information they obtained in the documents that Defendants produced before the preliminary-injunction hearing in October 2024 and public statements made in the weeks leading up to the 2024 election. *Id.* ¶¶ 27, 28, 62, 80 & n.18, 86. Despite having this information for up to a year in advance of the parties' Rule 26(f) conference, Plaintiffs did not even hint during that conference that they may seek to again amend their complaint. It was not until

after Defendants noticed their interlocutory sovereign-immunity appeal and this Court set an abbreviated discovery schedule that Plaintiffs decided to move to amend their complaint.

If Plaintiffs had sought leave to amend their complaint back when they learned this information, all of these issues could have been avoided. Defendants could have filed a revised motion to dismiss, this Court could have issued a single ruling, and Defendants, if necessary, could have taken a single interlocutory appeal. Instead, Plaintiffs inexplicably waited until weeks after the motion to dismiss was decided, after the Court entered a scheduling order, and after Defendants noticed their appeal. That delay violates the Fourth Circuit's guidance that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quoting 6 Wright & Miller, Federal Practice and Procedure § 1488 (1971)).

If the Court grants Plaintiffs' motion for leave to amend, it should also grant Defendants' motion for a stay of proceedings pending their interlocutory appeal in the Fourth Circuit. See ECF No. 166. That way, this case would involve only one discovery period covering all remaining Plaintiffs, Defendants, and claims, and would avoid the procedural difficulties described above. At a minimum, the Court should stay discovery until after the Court rules on Defendants' motion to dismiss the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion for leave to amend.

Dated: October 10, 2025

Respectfully submitted,

**SUSAN BEALS**, in her official capacity as Virginia Commissioner of Elections; **JOHN O'BANNON**, in his official capacity as Chairman of the State Board of Elections; **ROSALYN R. DANCE**, in her official capacity as Vice-Chairman of the State Board of Elections; **GEORGIA ALVIS-LONG**, in her official capacity as Secretary of the State Board of Elections; **CHRISTOPHER P. STOLLE**, and **J. CHAPMAN PETERSEN**, in their official capacities as members of the State Board of Elections; and **JASON MIYARES**, in his official capacity as Virginia Attorney General

By:   */s/ Thomas J. Sanford*
      Thomas J. Sanford (VSB #95965)
      *Deputy Attorney General*

Charles J. Cooper *(Pro Hac Vice)*
Bradley L. Larson *(Pro Hac Vice)*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

Jason S. Miyares
   *Attorney General*
Kevin M. Gallagher (VSB #87548)
   *Solicitor General*
Graham K. Bryant (VSB #90592)
   *Principal Deputy Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
TSanford@oag.state.va.us
SolicitorGeneral@oag.state.va.us

*Counsel for Defendants Susan Beals, John O'Bannon, Rosalyn R. Dance, Georgia Alvis-Long, Christopher P. Stolle, J. Chapman Petersen, and Attorney General Jason Miyares*

10

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on October 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                       */s/ Thomas J. Sanford*
                                        Thomas J. Sanford (VSB #95965)
                                               *Deputy Attorney General*