IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS; LEAGUE OF WOMEN VOTERS OF VIRGINIA; AFRICAN COMMUNITIES TOGETHER,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections; JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections; ROSALYN R. DANCE, in her official capacity as Vice-Chairman of the State Board of Elections; GEORGIA ALVIS-LONG, in her official capacity as Secretary of the State Board of Elections; CHRISTOPHER P. STOLLE and J. CHAPMAN PETERSEN, in their official capacities as members of the State Board of Elections; and JASON MIYARES, in his official capacity as Virginia Attorney General,<br><br>*Defendants*. | Case No. 1:24-cv-01778<br>Judge Patricia Tolliver Giles |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND ADD PARTY PLAINTIFFS**

In keeping with the Fourth Circuit's policy to "liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), this Court should grant Plaintiffs' motion for leave to file their Second Amended Complaint and Add Party Plaintiffs. ECF No. 172. The Proposed Second Amended Complaint merely adds two individual plaintiffs, identifies specific impacted members of Plaintiff Organizations, and includes additional information on Organizational Plaintiffs'

1

activities since the First Amended Complaint was filed a year ago. ECF No. 23. Amending the complaint to include these plaintiffs will not prejudice Defendants in any way. They have not yet sought any discovery in this case; they received a notice letter in March 2025 alerting them to the two new plaintiffs, ECF No. 172-2; and a second Motion to Dismiss or second interlocutory appeal by Defendants would simply rehash legal arguments already rejected, since nothing in the Second Amended Complaint would alter the basic findings underpinning this Court's Order on Defendants' Motion to Dismiss, *see* ECF No. 153.

Faced with an unassailable case for amendment, Defendants attempt to challenge this Court's jurisdiction. As a result of their frivolous interlocutory appeal, they contend, this Court has been divested of jurisdiction to even consider Plaintiffs' motion. ECF No. 177 at 6. But this stance is inconsistent with the very case law they cite, which demonstrates that an interlocutory appeal on sovereign immunity grounds "poses no absolute jurisdictional bar" to courts in this district considering motions to amend. *Kadel v. Folwell*, No. 1:19CV272, 2021 WL 848203, at *5 (M.D.N.C. Mar. 5, 2021) (granting motion to amend despite pending interlocutory appeal).

This Court should set aside Defendants' red-herring jurisdictional argument and assess Plaintiffs' motion in light of the Fourth Circuit's established "justifications for denying leave to amend: prejudice to the opposing party, bad faith, or where the amendment would be futile." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). Because none of those circumstances is present here, Plaintiffs' motion should be granted.

## I.  This Court retains jurisdiction to grant Plaintiffs' motion for leave to amend their complaint.

As a threshold matter, Defendants' interlocutory appeal does not automatically divest this Court of jurisdiction over any aspects of the case. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to

rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). But interlocutory review of an immunity denial "does not automatically confer [appellate] jurisdiction over *other* issues in a case." *Livingston v. Kehagias*, 803 F. App'x 673, 686 n.5 (4th Cir. 2020) (emphasis added). And the filing of a notice of appeal does not divest the district court of jurisdiction "where the district court has certified the appeal to be frivolous." *Mgmt. Sci. Am. Inc. v. McMuya*, 956 F.2d 1162 (4th Cir. 1992) (table).

As Plaintiffs have argued, this Court can—and should—retain jurisdiction over all claims because Defendants' interlocutory appeal is frivolous. ECF No. 171 at 5-6. That is because it relies on a meritless challenge to the applicability of *Ex parte Young*. Defendants' appeal unavailingly attempts to mask factual arguments, irrelevant at the Motion to Dismiss stage, as legal ones.

But even if this Court does not certify Defendants' appeal as frivolous, it retains jurisdiction over aspects of the case *not* involved in the appeal. *See Doe*, 749 F.3d at 258; *Livingston*, 803 F. App'x at 686 n.5. In determining whether a proposed amendment bears on matters "involved in the appeal," courts in this district have looked to "the scope of the appeal and the substance of the Amended Complaint." *Kadel*, 2021 WL 848203, at *5.

For example, in *Kadel*, this court retained jurisdiction to rule on a proposed motion to amend despite an interlocutory appeal on sovereign-immunity grounds where the plaintiffs proposed a new claim against the same defendant who had appealed and included "new factual matter" about one plaintiff. The court concluded that (1) the issue on appeal did not "bear on the viability" of the added claim; (2) "no other aspect of the Amended Complaint 'altere[d] the status of the case as it rest[ed] before the Fourth Circuit'"; and (3) the "inclusion of factual matter pertaining to [one plaintiff] [did] not affect the issue before the Fourth Circuit." *Id.* (quoting *Dayton Indep. Sch. Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

Here, Plaintiffs have added factual information about the operation of the Purge Program. They have also included two individual plaintiffs and identified affected members of Plaintiff Organizations, as Defendants have repeatedly called for. *See, e.g.*, ECF No. 119 at 13:16-24; ECF No. 122 at 12-13; ECF No. 131 at 2-3. These additions will aid this Court in adjudicating the merits of this case on summary judgment and/or at trial but do not "affect the issue before the Fourth Circuit." *Kadel*, 2021 WL 848203, at *5. That issue—whether Plaintiffs' claims are barred on sovereign-immunity grounds on all Counts for the Attorney General, and on Count I for the remaining Defendants—can be decided entirely on the basis that the claims against all Defendants are prospective, rendering the Eleventh Amendment inapplicable. *See also* ECF No. 153 at 7-19 (rejecting each of Defendants' sovereign immunity arguments); *Jackson Creek Marine, LLC v. Maryland*, No. 24-1788, 2025 WL 2525855, at *7 (4th Cir. Sep. 3, 2025) (reiterating that "official-capacity suits seeking prospective relief for federal-law violations do not implicate sovereign immunity."). In particular, adding individual plaintiffs subject to the same harm already alleged by Organizational Plaintiffs does not alter the question on appeal.

In all, the substance of Plaintiffs' proposed amendments do not implicate Defendants' interlocutory appeal. This Court thus retains jurisdiction to rule on the motion to amend despite the interlocutory appeal.

**II.     Plaintiffs' proposed amendments will not prejudice Defendants.**

This Court should exercise its jurisdiction to grant Plaintiffs' motion for leave to amend. The Fourth Circuit has identified only three "justifications for denying leave to amend: prejudice to the opposing party, bad faith, or where the amendment would be futile." *MedCom Carolinas, Inc.*, 42 F.4th at 197. By contrast, "[d]elay alone . . . is an insufficient reason to deny [a] plaintiff's motion to amend." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Davis v. Piper*

*Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).[1] Defendants do not here argue bad faith or futility, *see* ECF No. 177 at 6 n.1, so the inquiry turns on whether they will be prejudiced by the proposed amendments. They will not.

While Defendants complain vociferously about the hardship they feel would befall them if Plaintiffs are allowed to amend, that hardship is largely illusory, and none of their complaints rise to the level of prejudice under Fourth Circuit case law. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. For example, the Fourth Circuit has found amendments to be prejudicial where they "raise[] a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and [are] offered shortly before or during trial." *Id.* (internal quotations omitted). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis*, 615 F.2d at 613). Likewise, an amendment is not prejudicial where the "defendant was from the outset made fully aware of the events giving rise to the action." *Davis*, 615 F.2d at 613.

Here, Plaintiffs' proposed amendments raise no new legal theories and would not prejudice Defendants. Most importantly, the discovery period has just begun—Defendants have not yet taken any discovery in this case and have ample time to take any discovery they wish of the two proposed individual plaintiffs. Any additional discovery they do choose to take will inevitably cover similar

---

[1] Though Defendants make much of the perceived delay between when Plaintiffs acquired the new information contained in the Second Amended Complaint and its filing, Plaintiffs in fact used that time to diligently investigate the operation of the Purge Program and its effect on Plaintiffs, their members, and other potential plaintiffs. The necessity of such due diligence is one of the reasons the Fourth Circuit has explicitly stated that delay without prejudice is no reason to deny a motion to amend. *See Laber*, 438 F.3d 404. Moreover, if Plaintiffs had moved to amend their complaint each time they gleaned additional facts about the operation of the Purge Program, *see* ECF No. 177 at 1, many amendments would have been necessary, wasting judicial resources and requiring more of Defendants' time.

ground to the discovery they will take of the existing Plaintiffs. Moreover, Defendants have known about the additional plaintiffs since March, when—as they acknowledge—Plaintiffs sent them an NVRA notice letter from the two proposed individual plaintiffs. ECF No. 172-2.

Nor will granting Plaintiffs' motion "[f]orc[e] Defendants to file, brief, and argue a new motion to dismiss" during the discovery period. ECF No. 177 at 6-7. This Court already ruled on Defendants' first motion to dismiss, and the proposed Second Amended Complaint adds no new legal theories. Thus, Defendants could only hope to recycle already rejected arguments, which would necessarily fail.[2] While Defendants could conceivably challenge the new individual plaintiffs' standing, this Court has *already* found that the three Organizational Plaintiffs have standing to assert their claims, ECF No. 153 at 14, and "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006). This Court also found that the Organizational Plaintiffs have associational standing based on allegations that a League of Women Voters member was harmed by the Purge Program—allegations that mirror those of the new plaintiffs here. ECF No. 153 at 12. For the same reason, a sovereign-immunity appeal with the addition of the two new plaintiffs would present the exact same legal issue as Defendants' current appeal. So the addition of two individual plaintiffs has little effect other than to present this Court with additional information about the burdens imposed by Defendants' Purge Program. And Defendants would be faced with the imminent gubernatorial election and inauguration regardless, which was known to this Court when it ordered discovery to be completed by February 13, 2026. ECF No. 170.

---

[2] This Court's prior holdings constitute the law of the case. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (internal quotations omitted).

6

Finally, despite Defendants' efforts to change the standard, concerns about judicial economy, ECF No. 177 at 8, or the relative complexity of potential issues on appeal, ECF No. 177 at 7, are not among the three factors the Fourth Circuit considers in determining whether to grant a motion to amend. *See MedCom Carolinas, Inc.*, 42 F.4th at 197 (citing "prejudice to the opposing party, bad faith, or where the amendment would be futile" as the three justifications for denying leave to amend); *Laber*, 438 F.3d at 426 (same); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (same). Even if it were a valid reason to deny leave to amend, the interests of judicial economy do not favor Defendants. Discovery has not been stayed in this case, against the Attorney General or any other Defendant. All protestations that allowing amendment would "trigger discovery motions and perhaps additional interlocutory appeals" are entirely speculative. ECF No. 177 at 8. Nor is it reason to grant Defendants' motion for a stay of proceedings, which is wholly irrelevant to Plaintiffs' motion for leave to amend and is briefed separately. ECF Nos. 166, 171, 173.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for leave to amend.

Date: October 15, 2025                     Respectfully submitted,

|  |  |
|---|---|
| Ryan Snow* | /s/ Shanna Ports |
| Javon Davis* | Shanna Ports (VSB No. 86094) |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS | Danielle Lang* |
| UNDER LAW | Brent Ferguson* |
| 1500 K Street, NW, Ste. 900 | Simone Leeper* |
| Washington, DC 20005 | Katherine Hamilton* |
| (202) 662-8600 rsnow@lawyerscommittee.org | CAMPAIGN LEGAL CENTER |
| jdavis@lawyerscommittee.org | 1101 14th Street NW, Suite 400 |
|  | Washington, DC 20005 |
|  | Tel: (202) 736-2200 |

Orion Danjuma*
John Paredes*
THE PROTECT DEMOCRACY PROJECT, INC.
82 Nassau Street, # 601
New York, NY 10038
Telephone: (202) 579-4582
orion.danjuma@protectdemocracy.org
john.paredes@protectdemocracy.org

Benjamin L. Berwick*
Anna Dorman*
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org
anna.dorman@protectdemocracy.org

Fax: (202) 736-2222
sports@campaignlegalcenter.org
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sleeper@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

John Powers*
Hani Mirza*
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850
Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org

*Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, African Communities Together, Rina Shaw, and Genet Shiferaw*

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I certify that on October 15, 2025 I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will provide electronic copies to any counsel of record.

/s/ Shanna Ports
Shanna Ports
