IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA COALITION FOR IMMIGRANT RIGHTS, et al.,<br><br>  *Plaintiffs*,<br><br>    v.<br><br>SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections, et al.,<br><br>  *Defendants*. | Case No. 1:24-cv-01778<br><br>Judge Patricia Tolliver Giles |

## PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE EXPERT DISCLOSURES

Plaintiffs Virginia Coalition for Immigrant Rights ("VACIR"), League of Women Voters of Virginia ("LWVVA"), African Communities Together ("ACT"), Rina Shaw, and Genet Shiferaw (collectively "Plaintiffs") respectfully request that this Court modify its scheduling order, ECF No. 184, to extend the deadlines for expert reports to account for Defendants' delayed production of data necessary for Plaintiffs' expert analysis. Defendants consent to Plaintiffs' proposed extension of the expert deadlines. Ex. 1 at 2.

Defendants' responses to the relevant requests for production were due on November 10, 2025, 35 days prior to the scheduled December 15 deadline for Plaintiffs' Fed. R. Civ. P. 26(a)(2) expert disclosures. Ex. 1 at 8-9; ECF No. 184 at 2. Defendants made a small production which included just one dataset, inadequate for Plaintiffs' expert analysis. On November 18, 27 days before Plaintiffs' expert deadline, Plaintiffs provided Defendants with a significantly narrowed list of prioritized documents that they identified as necessary for Plaintiffs' expert analysis, and the

1

Parties met and conferred regarding this list on November 21. Ex. 1 at 4, 6-7. Defendants made a second production on November 25 which contained only one of the six prioritized datasets. Ex. 1 at 5. Just before 1:00 pm today, December 5, 2025, 10 days away from the deadline for Plaintiffs' expert disclosures, ECF No. 184 at 2, Defendants made a third production which they assert contains the "materials requested in [Plaintiffs'] November 18 email and discussed in the November 21 meet and confer." Ex. 1 at 1-2. Plaintiffs' expert has conducted a preliminary, expedited review of that production prior to the filing of this motion and has identified deficiencies which he believes may prevent him from beginning his analysis; however, Plaintiffs will continue to work with Defendants to expeditiously obtain any outstanding data and provide updates to this Court as needed.

Regardless, even if this production were without deficiencies, there is not enough time remaining for Plaintiffs' expert to conduct his analysis and draft his accompanying report prior to the current December 15 deadline. This Court has good cause to amend its Scheduling Order: Plaintiffs worked diligently to confer with Defendants to prioritize and obtain the necessary data with sufficient time for Plaintiffs' expert to conduct his analysis, and the delay in production is entirely out of Plaintiffs' control. Plaintiffs therefore respectfully request that this Court modify the Scheduling Order's Fed. R. Civ. P. 26(a)(2) deadlines as follows:

(a) Plaintiffs must make any disclosures required by Fed. R. Civ. P. 26(a)(2) on January 5, 2026 or 14 days after Defendants complete their production of the targeted requests, whichever is later.

(b) Defendants must make any such disclosures on or before January 26, 2026.

(c) Plaintiffs must disclose any evidence that is solely contradictory or rebuttal evidence to Defendants' disclosures on or before February 9, 2026.

## BACKGROUND

Plaintiffs have sought information on the Purge Program for over a year. Plaintiffs first requested information pursuant to the Public Disclosure of Voter Registration Activities provision, 52 U.S.C. § 20507(i), on August 13, 2024; August 20, 2024; October 3, 2024; and on March 21, 2025. *See* ECF No. 68-1 at 2; ECF No. 26-14 at 2; ECF No. 26-16 at 10 (requesting "individualized voter information for . . . [a]ll voters cancelled, purged, or otherwise removed from the list of eligible voters [] on the basis of alleged non-U.S. citizenship from January 2022 to the present; [and] [a]ll voter registration applicants denied registration on the basis of alleged non-U.S. citizenship"); ECF No. 189-1 at 8. Information sought in those requests includes data which Defendants produced as late as today, December 5, and on which Plaintiffs' expert needs to rely.

On October 8, 2024, Plaintiffs filed an emergency motion for expedited discovery, ECF No. 4, and on October 21, 2024, this Court granted Plaintiffs' motion and ordered the Defendants to provide on a rolling basis, before noon on October 23, 2024, "[i]ndividualized voter registration information for the registered voters Defendants have identified and removed from the official list of eligible voters on or after August 7, 2024," "[i]ndividualized voter registration information for voter registration applicants denied registration based on alleged non-citizenship on or after August 7, 2024," and snapshots of the Virginia voter file for August 7, 2024 and October 21, 2024. ECF No. 72 at 2. Defendants produced those materials less than 36 hours later, at 6:06 pm on October 22, 2024. *See* Ex. 2 at 1.

On September 24, 2025, this Court issued an Order scheduling the pretrial conference for October 29 and noting that "[d]iscovery may begin as of receipt of this Order." ECF No. 170. On October 9, 2025, Plaintiffs served on Defendants Plaintiffs' First Requests for Production, which include the requests for information pertinent to the instant motion. Ex. 3 at 1. On October 29,

3

2025, this Court held the pretrial conference and entered a Scheduling Order. ECF No. 184. Under that Order, Plaintiffs' Fed. R. Civ. P. 26(a)(2) expert disclosures are due on or before December 15, 2025; Defendants' such disclosures are due on or before January 14, 2026; and Plaintiffs' rebuttal disclosures are due on or before January 29, 2026. *Id.* at 2. The discovery period ends on February 13, 2026. *Id.*

Plaintiffs have worked diligently with Defendants to obtain the data necessary for their expert to conduct his analysis. On November 10, 2025, the date on which Defendants' responses to Plaintiffs' First Set of Requests for Production were due, Defendants produced only 26 documents, just one of which was a spreadsheet containing any of the data requested by Plaintiffs. *See* Ex. 1 at 8-9. And that spreadsheet was produced in a .pdf file, which does not lend itself to expert analysis. Even if it had been produced in a workable format, it did not contain much of the basic data required for the expert's analysis. Ex. 1 at 6-7. On November 18, 2025, Plaintiffs' counsel e-mailed Defendants' Counsel to request they meet and confer, Ex. 1 at 6-7, and sent a list of items for Defendants to prioritize in response to RFPs 6, 8, and 12—many of which were similar to datasets Defendants produced in less than 36 hours after this Court's 2024 Order granting expedited discovery. Ex. 1 at 6-7; Ex. 2 at 1; ECF No. 72 at 2. Plaintiffs' counsel noted that the meeting was "particularly important to ensure timely production of discovery needed by Plaintiffs' expert in order to meet the Court's December 15 deadline for Plaintiffs' expert reports." Ex. 1 at 6. Counsel met on Friday, November 21, and Plaintiffs' counsel expressed that Plaintiffs' expert could not perform his analysis without the prioritized datasets. *See* Ex. 1 at 4. Counsel agreed to rolling discovery, but Plaintiffs' counsel explained to Defendants' counsel that producing the prioritized set of documents in early December would not allow Plaintiffs' expert sufficient time to complete his analysis and report. Ex. 1 at 3. Defendants sent Plaintiffs a second production on

4

November 25, 2025, but that production only contained the voter file—the prioritized data for RFP 12. Ex. 1 at 2. Defendants produced a Third Production at 12:56 PM today which, per Plaintiffs' expert's preliminary review, still lacks requested information necessary for him to begin his analysis. Ex. 1 at 1-2. Plaintiffs are working with their expert to assess that production, identify the remaining deficiencies, and communicate said deficiencies to Defendants. Regardless, the late timing of the production renders Plaintiffs' expert unable to complete his analysis and report before the current deadline.

## ARGUMENT

Because there is good cause and Plaintiffs have met their good faith obligations, this Court should grant Plaintiffs' request to amend the deadlines for expert disclosures, because amendment is necessary to allow Plaintiffs' expert sufficient time to review Defendants' production, conduct his analysis, form an opinion, and produce a report.

### I. There is good cause for this Court to extend the expert deadlines.

Scheduling orders may be modified for good cause and by court order. Fed. R. Civ. P. 16(b)(4); Local Civ. R. 16(B). Courts consider several factors to evaluate whether a movant has demonstrated good cause, including "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant [has] acted in good faith." *Midgett, Trustee of Hardcastle Charitable Remained Annuity Trust U/A August 6, 2007 v. Hardcastle*, No. 2:17-cv-663, 2018 WL 4781178, at *3 (E.D. Va. Oct. 3, 2018) (internal quotations omitted). While mere failure on the part of counsel to promptly proceed with the normal processes of discovery does not qualify as good cause for an extension or continuance, Local Civ. R. 16(B), good cause does exist "when the parties cannot reasonably meet deadlines despite their own diligence." *Hooker v. Sirius XM Radio, Inc.*,

No. 4:13-cv-3, 2015 WL 12750270, at *2 (E.D. Va. June 4, 2015) (internal quotations omitted). That standard is satisfied here.

Plaintiffs respectfully request the following amended deadlines for expert disclosures:

(a) Plaintiffs must make any disclosures required by Fed. R. Civ. P. 26(a)(2) on January 5, 2026 or 14 days after Defendants complete their production of the targeted requests, whichever is later.[1]

(b) Defendants must make any such disclosures on or before January 26, 2026.

(c) Plaintiffs must disclose any evidence that is solely contradictory or rebuttal evidence to Defendants' disclosures on or before February 9, 2026.

This requested extension of the expert deadlines will not prejudice Defendants, as reflected by Defendants' consent to the proposal. Ex. 1 at 2. A January 5 deadline is necessary because Plaintiffs' expert has not been able to begin critical aspects of the required analysis because of Defendants' delay in producing foundational underlying data. As a result, a substantial amount of work needs to be done to conduct the requisite analysis and, based on the expert's findings, to then draft, review, and finalize an expert report, which is complicated by the expert's other obligations in the midst of the holiday season. Nonetheless, Plaintiffs' proposed schedule provides Defendants three weeks to produce their expert disclosures. This does not constitute prejudice to the Defendants, in contrast to the severe prejudice Plaintiffs will face if the current deadline remains.

In total, under these deadlines, final expert disclosures are extended by less than two weeks, still leaving time for Plaintiffs' expert to be deposed on both his initial and any rebuttal report before the end of discovery. And the parties would still complete discovery by February 13, as

---

[1] Plaintiffs note that the deadline will most likely be January 5, so long as Defendants provide the remaining missing information in a timely manner. However, Plaintiffs have added the backstop of 14 days after the production is complete in the unlikely instance that Defendants' delay continues, such that Plaintiffs' expert would once again lack the ability to conduct the analysis prior to the expert deadline. While producing the expert report with just 14 days of access to the data would be difficult, the expert would be able to do so if necessary, in the post-holiday period.

contemplated in this Court's Scheduling Order. ECF No. 184 at 2, The length of the delay and potential impact on the judicial proceedings is, therefore, minor, except to the extent that having a fulsome presentation of evidence including Plaintiffs' expert analysis will significantly *benefit* the Court's adjudication.

This delay is not because of any lack of diligence by the Plaintiffs, who have operated in good faith. "Diligence" is the "touchstone of good cause" and is the most important factor to consider. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 151 (4th Cir. 2020) (internal quotations omitted); *see also Midgett*, 2018 WL 4781178, at *3-4. Plaintiffs have been seeking information on Virginia's Purge Program since August 2024. *See supra*. Indeed, Count Four in this case concerns the State's failure to share requested information with the Plaintiffs, in violation of the NVRA. ECF No. 182 at 35. Plaintiffs sent Defendants their First Set of Requests for Production on October 9, 2025, and Plaintiffs' expert has been ready to start work on his analysis and report upon receiving the necessary underlying data capturing voters who have been removed from the rolls as a result of the practices challenged in this litigation. And Plaintiffs' counsel explicitly expressed that Plaintiffs' expert could not complete his work without the requested data in their November 21 meet and confer and before that in the November 18 e-mail which also provided a targeted list of prioritized, necessary data. Ex. 1 at 3-4, 6-7.

If Defendants had made a timely production on November 10, Plaintiffs' expert would have had 35 days to review Defendants' data, conduct his analysis, and produce a report. But now, with just ten days left before the deadline for Plaintiffs' expert disclosure, there is no longer enough time, and this shortage of time is not because of any lack of diligence by Plaintiffs. This Court has previously granted extensions for expert disclosures where factors outside of movants' control interfere with movants' ability to meet the deadline. *See, e.g.*, *Plantan v. Smith*, No. 3:22-cv-407,

7

2024 WL 1260572, at *1 (E.D. Va. Mar. 25, 2024) (explaining that in earlier proceedings the court granted extended deadlines for expert disclosures where necessary deposition transcripts took a month to be delivered through no fault of the litigants). Plaintiffs have done all they can to streamline this discovery, but Plaintiffs' expert now cannot meet this Court's deadline because of Defendants' delays—a factor entirely outside of Plaintiffs' control.

Given Plaintiffs' diligence and good faith, the cause of the delay, the lack of prejudice to Defendants, the modest length of the extension, and the negligible impact an extension would have on the judicial proceedings, this Court should grant Plaintiffs' motion to extend the deadlines for expert disclosures.

## II. Plaintiffs' counsel has met and conferred with Defendants' counsel and made a good faith effort to resolve the discovery matters at issue.

Local Civil Rule 37 and this Court's Scheduling Order require counsel to confer and make a good faith effort to limit unnecessary discovery motions or narrow the area of disagreement. Local Civil Rule 37(E) ("No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy."); ECF No. 184 at 4; *see* Fed. R. Civ. P. 37(a)(1); *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018). Plaintiffs, and Defendants, have done so here.

As outlined above, after providing Defendants with one week to make additional productions after their first incomplete production on November 10, 2025, Plaintiffs' counsel e-mailed Defendants' Counsel on November 18 to request a meet and confer and provided a list of priority documents, significantly narrowed from Plaintiffs' Requests for Production, identifying

six datasets responsive to RFPs 6, 8, and 12 necessary for Plaintiffs' expert analysis. Ex. 1 at 6-7.[2] Plaintiffs then met with Defendants' counsel on November 21 to discuss the requested documents in detail. Ex. 1 at 3. Defendants' second incomplete production came on November 25, and Plaintiffs' counsel followed up again on December 2 to reiterate the outstanding data's importance to Plaintiffs' expert. Ex. 1 at 4-5. Defendant's third production, provided today, remains deficient and Plaintiffs' expert believes the deficiencies to be significant enough to prevent him from beginning his analysis at this time. However, Plaintiffs are, in good faith, refraining from filing a motion to compel at this juncture and continuing their efforts to confer and narrow the issues before this Court. Defendants and Plaintiffs have also come to an agreement regarding the requested extension of expert deadlines, demonstrating the Parties' good faith efforts to narrow the areas of disagreement.[3] Ex. 1 at 2.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the unopposed motion to extend the expert deadlines so that Plaintiffs' expert may have sufficient time to complete his work.

---

[2] Plaintiffs' targeted requests do not address all the ways Defendants' production remains incomplete or entirely absent, including with respect to RFPs 6 and 8, but Plaintiffs focused these initial efforts on those documents necessary for their expert analysis.

[3] This Court has determined that parties have met their obligation to meet and confer in circumstances exhibiting much less diligence than Plaintiffs demonstrated here. For example, in *Jenkins v. Wal-Mart Stores, Inc.*, Plaintiff's counsel fulfilled the meet and confer requirement when, after Defendant delayed the production of documents, the Parties agreed to a protective order after which Defendants claimed they would produce the documents and, when the documents were not produced, the Parties had a five-minute phone call that briefly touched upon the disputed documents, and the Plaintiff subsequently reiterated his need for the documents in writing before filing his motion to compel. No. 2:19-cv-271, 2021 WL 1256907, at *1, *3-4 (E.D. Va. Apr. 5, 2021) (citing E.D. Va. Local Civil Rule 37(E)).

| | |
|---|---|
| Date: December 5, 2025 | Respectfully submitted, |

/s/ Shanna Ports

| | |
|---|---|
| Ryan Snow* | Shanna Ports (VSB No. 86094) |
| Javon Davis* | Danielle Lang* |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW | Brent Ferguson* |
| | Simone Leeper* |
| 1500 K Street, NW, Ste. 900 | Katherine Hamilton* |
| Washington, DC 20005 | CAMPAIGN LEGAL CENTER |
| (202) 662-8600 rsnow@lawyerscommittee.org | 1101 14th Street NW, Suite 400 |
| jdavis@lawyerscommittee.org | Washington, DC 20005 |
| | Tel: (202) 736-2200 |
| Orion Danjuma* | Fax: (202) 736-2222 |
| John Paredes* | sports@campaignlegalcenter.org |
| THE PROTECT DEMOCRACY PROJECT, INC. | dlang@campaignlegalcenter.org |
| 82 Nassau Street, # 601 | bferguson@campaignlegalcenter.org |
| New York, NY 10038 | sleeper@campaignlegalcenter.org |
| Telephone: (202) 579-4582 | khamilton@campaignlegalcenter.org |
| orion.danjuma@protectdemocracy.org | |
| john.paredes@protectdemocracy.org | |
| Benjamin L. Berwick* | John Powers* |
| Anna Dorman* | Hani Mirza* |
| THE PROTECT DEMOCRACY PROJECT, INC. | ADVANCEMENT PROJECT |
| 15 Main Street, Suite 312 | 1220 L Street Northwest, Suite 850 |
| Watertown, MA 02472 | Washington, D.C. 20005 |
| (202) 579-4582 | (202) 728-9557 |
| ben.berwick@protectdemocracy.org | jpowers@advancementproject.org |
| anna.dorman@protectdemocracy.org | hmirza@advancementproject.org |

*Attorneys for Plaintiffs Virginia Coalition for Immigrant Rights, the League of Women Voters of Virginia, African Communities Together, Rina Shaw, and Genet Shiferaw*

*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2025, I electronically filed the above document with the Clerk of Court using the ECF system, which will provide electronic copies to any counsel of record.

/s/ Shanna Ports
Shanna Ports
